1  J. DAVID HADDEN (CSB No. 176148)
   dhadden@fenwick.com
2  SAINA S. SHAMILOV (CSB No. 215636)
   sshamilov@fenwick.com
3  TODD R. GREGORIAN (CSB No. 236096)
   tgregorian@fenwick.com
4  PHILLIP J. HAACK (CSB No. 262060)
   phaack@fenwick.com
5  CHIEH TUNG (CSB No. 318963)
   ctung@fenwick.com
6  FENWICK & WEST LLP
   Silicon Valley Center
7  801 California Street
   Mountain View, CA  94041
8  Telephone:    650.988.8500
   Facsimile:    650.938.5200

10 Attorneys for AMAZON.COM, INC. and
   AMAZON WEB SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERSONAL WEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC <br><br> Defendants. | Case No.: _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

AMAZON'S COMPLAINT FOR DECLAR-
ATORY JUDGMENT                                                     Case No.: _____

Plaintiffs Amazon.com, Inc. ("Amazon.com") and Amazon Web Services, Inc. ("AWS") (collectively, "Amazon") bring this Action against defendants PersonalWeb Technologies, LLC ("PersonalWeb") and Level 3 Communications, LLC ("Level 3") (collectively, "defendants") and allege:

**NATURE OF THE ACTION**

1. This is an action to protect AWS customers from a wave of identical and meritless patent lawsuits. Those lawsuits, all filed within two weeks, accuse fifty unrelated AWS customers of patent infringement based on their use of AWS's Simple Storage Service ("S3"). All of the lawsuits are meritless because, in 2011, the same defendants filed a suit against Amazon and AWS directly that accused the same technology of infringing the same patents, and those claims were dismissed with prejudice. Consequently, all of PersonalWeb's subsequent customer suits are barred as a matter of law.

2. This is the only Court, and this is the only case, where this patent dispute should be litigated. Federal Circuit law could not be clearer. The upstream manufacturer or supplier of accused processes—here, Amazon—should be given the opportunity to defend its own technology and therewith its customers. "[L]itigation . . . brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer," and thus customer cases—like the scores of cases filed by PersonalWeb—must be stayed or enjoined pending resolution of the manufacturer action. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990); *see also In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). To that end, the Federal Circuit has expressly empowered district courts presiding over a manufacturers' declaratory judgment action to enjoin collateral and duplicative customer suits. *Katz*, 909 F.2d at 1463-64.

3. For this reason, and as alleged more particularly herein, Amazon brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that PersonalWeb's claims are barred by res judicata and the *Kessler* doctrine, and to enjoin defendants, pursuant to the manufacturer-customer suit rule, from proceeding with its duplicative and collateral litigations against AWS's customers.

# THE PARTIES

4. Amazon.com is a corporation organized and existing under the laws of the state of Delaware, with offices and employees throughout several of the United States, including the Northern District of California.

5. AWS is a wholly-owned subsidiary of Amazon and provides on-demand cloud computing services on a subscription basis.

6. Defendant PersonalWeb has alleged that it is a limited liability company organized and existing under the laws of Texas with its principal place of business at 112 E. Line Street, Suite 204, Tyler, TX 75702.

7. Defendant Level 3, LLC has alleged that it is a limited liability company organized under the laws of Delaware with its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana, 71203. Level 3 represented in the customer lawsuits that it is a plaintiff due solely to a contractual obligation, and that it does not purport to assert any claims of infringement.[1]

# JURISDICTION AND VENUE

8. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Amazon seeks declaratory relief under the Declaratory Judgment Act. Defendants have sued Amazon's customers, alleging patent infringement because they use Amazon's S3 service. Thus, a substantial controversy exists between Amazon and defendants that is of sufficient immediacy and reality to empower the Court to issue a declaratory judgment. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014). The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, and under 28 U.S.C. §§ 2201 and 2202.

9. The Court has personal jurisdiction over PersonalWeb because PersonalWeb has purposely directed its enforcement activities related to the patents-in-suit into the Northern District of California. For example, and without limitation, PersonalWeb has asserted rights against Amazon's customers in the Northern District of California. PersonalWeb therefore has established the

---

[1] Accordingly, Amazon's real dispute is with PersonalWeb only. Amazon names Level 3 as a defendant solely in an excess of caution because Level 3 claims an ownership interest in the patents-in-suit.

requisite minimum contacts with this district, and exercise of jurisdiction here would comport with traditional notions of substantial justice and fair play. This Court has personal jurisdiction over PersonalWeb also because it filed suits in the Northern District of California against Amazon's customers over the same transactions, occurrences, and operative facts at issue in this suit. *See Dow Chem. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005).

10. The Court has personal jurisdiction over Level 3 because Level 3 has purposely directed enforcement activities related to the patents-in-suit into the Northern District of California. For example, and without limitation, Level 3 has asserted rights against Amazon's customers in the Northern District of California. Level 3 therefore has established the requisite minimum contacts with this district, and exercise of jurisdiction here would comport with traditional notions of substantial justice and fair play. This Court has personal jurisdiction over Level 3 also because it filed suits in the Northern District of California against Amazon's customers over the same transactions, occurrences, and operative facts at issue in this suit. *See Dow Chem.*, 422 F.3d at 835.

11. Venue is proper in this court under 28 U.S.C. § 1391 because PersonalWeb and Level3 are each subject to personal jurisdiction in this district. Venue is also proper under 28 U.S.C. § 1391(b) because events which give rise to the requested remedy occurred in this district.

**FACTUAL BACKGROUND**

12. AWS first offered its cloud computing services—recently described as "World-Changing"—over ten years ago. *See* Barb Darrow, "Amazon's World-Changing Cloud Turns 10," Fortune Magazine (Mar. 11, 2016), available at http://fortune.com/2016/03/11/amazon-cloud-turns-10/. Since then, AWS has created an ever-growing set of cloud-based products and services that offer compute power, database storage, content delivery and other functionality to help businesses of all sizes scale and grow.

13. Among these products and services is the Amazon Simple Storage Service ("S3"). S3 is a web storage offering. By using S3, developers can access highly scalable, reliable, fast, and inexpensive data storage infrastructure similar to what Amazon itself uses to run its own global network of websites.

## I. DEFENDANTS ALREADY ACCUSED S3 OF PATENT INFRINGEMENT WHEN THEY SUED AMAZON, AND THE COURT DISMISSED THAT CASE WITH PREJUDICE.

14. In 2011, PersonalWeb sued Amazon and AWS in the Eastern District of Texas for infringement of eight patents: U.S. Patent Nos. 5,978,791 (the "'791 patent"); 6,415,280 (the "'280 patent"); 6,928,442 (the "'442 patent"); 7,802,310 (the "'310 patent"); 7,945,539 (the "'539 patent"); 7,945,544 (the "'544 patent"); 7,949,662 (the "'662 patent"); and 8,001,096 (the "'096 patent"). *PersonalWeb Techs., LLC v. Amazon.com Inc.*, No. 6:11-cv-00658 (E. D. Tex. Filed Dec. 8, 2011). Defendants amended the complaint in that case, including adding Level 3 as a party, on April 6, 2012.

15. All of the patents involved in the Texas case share a common specification, and each is generally directed to the same general idea: creating a content-based identifier for an object using a hash function, which is then used to find or identify objects in a system. Every claim of every one of those patents requires some form of content-based unique identifier.

16. In the Texas case, PersonalWeb alleged that Amazon's S3 infringes all of these patents because "the hardware and software used by the Amazon S3 system" "accesses a data item in the system using the 'ETag' identifier of the data."

17. An entity tag or "ETag" is defined by HTTP, the protocol used by the World Wide Web. It is assigned by a web server in order to distinguish between versions of a resource found at a given URL.

18. PersonalWeb could not prove that S3 infringed the patents that were asserted against Amazon. After the court in the Eastern District of Texas issued its claim construction order, the parties stipulated to dismiss PersonalWeb's claims with prejudice. The stipulated dismissal expressly reserved Amazon's right to challenge validity, infringement, and/or enforceability of the patents-in-suit via defense or otherwise, in any future suit or proceeding. On June 9, 2014, the Eastern District of Texas entered the dismissal order. *PersonalWeb Techs., LLC v. Amazon.com, Inc.*, No. 6:11-cv-00658 (E.D. Tex. June 9, 2014). That court entered final judgment on June 11, 2014.

19. A dismissal with prejudice acts as a final judgment on the merits. PersonalWeb's

claims against S3, including claims against Amazon's customers using S3, are barred by the doctrine of claim preclusion and the *Kessler* doctrine.

### II. DEFENDANTS FILED SCORES OF IDENTICAL LAWSUITS AGAINST AMAZON'S CUSTOMERS ACCUSING THE SAME S3 SERVICE OF INFRINGING THE SAME PATENTS THEY ASSERTED AGAINST AMAZON IN THE TEXAS CASE.

20. On January 8 and January 9, 2018, defendants filed twenty-eight lawsuits against Amazon's customers in the Northern District of California, alleging infringement of the '791 patent, the '442 patent, the '310 patent, the '544 patent, and U.S. Patent No. 8,099,420 (the "'420 patent") (collectively, the "patents-in-suit"). Defendants filed identical lawsuits in other jurisdictions around the same time, including one in the Central District of California, three in the Eastern District of New York, sixteen in the Southern District of New York, and five in the Eastern District of Texas.

21. PersonalWeb previously asserted all of those patents, except for the '420 patent, against Amazon in the Texas case. But the '420 patent is a continuation of the '442 patent and thus shares the same specification. Important for this case, the patentee during prosecution was forced to file with the Patent Office a terminal disclaimer limiting the term of the '420 patent to that of the same '280 patent that defendants asserted against Amazon in the Texas case. This means that the claims of the '420 patent are not patentably distinct from the claims of the '280 patent as a matter of law. Also important for this case, the '420 patent issued before PersonalWeb amended its complaint in the Texas case—which means that PersonalWeb could have asserted (but declined to assert) the '420 patent in the Texas case, which in turn means that all claims under the '420 patent against the same S3 service were merged into the Texas court's final judgment.

22. All of the patents asserted against Amazon's customers have now expired.

23. The customers accused in defendants' latest campaign include a salmagundi of unrelated entities engaged in a wide range of unrelated business:

> Airbnb, Inc, Amicus FTW, Inc., Atlassian, Inc., Cloud 66, Inc., Curebit, inc., Doximity, Inc., Fandor, Inc., Goldbely, Inc., GoPro, Inc., Heroku, Inc., Leap Motion, Inc., Lithium Technologies, Inc., Melian labs, Inc., Merkle, Inc., MyFitnessPal, Inc., Optimizely, Inc., Popsugar, Inc., Quotient Technology, Inc., Reddit, Inc., Roblox

Corporation, Inc., Smugmug, Inc., Square, Inc., Stitchfix, Inc., Stumbleupon, Inc., Teespring, Inc., Tophatter, Inc., Vend, Inc., Vend, Ltd., Venmo, Inc., Webflow, Inc., Spokeo, Inc., Atlas Obscura Inc., Cloud Warmer Inc., Kickstarter, PBC, BDG Media, Inc., Bitly, Inc., Blue Apron, LLC, Centaur Media USA, Inc., E-consultancy.com Limited, ELEQT Group, Ltd., Fab Commerce & Design, Inc., FanDuel Inc., FanDuel Limited, Food52, Inc., Group Nine Media, Inc., Panjiva, Inc., RocketHub, Inc. Spongecell, Inc., Thrillist Media Group, Inc., Ziff Davis, LLC, Fiverr International Ltd., Hootsuite Media Inc., Lesson Nine GmbH, MWM My Wedding Match Ltd., Yotpo Ltd.

24. The sole common fact connecting the AWS customers is that each uses S3, and on that basis alone allegedly infringes the PersonalWeb patents.

25. The complaints against the AWS customers are identical. They allege that each customer infringes because of "actions that occur on the S3 host system":

> On information and belief, once Defendant's webpage files have been compiled and are complete, Defendant uploads them to an Amazon S3 host system as objects. On Information and belief, Defendant has contracted with, directed and/or controlled the uploading of its files and subsequent actions that occur on the S3 host system due to Defendant's contractual choice of using content-based identifiers, e.g., fingerprints of content of files necessary to render webpages, as well as Defendant's relationship with Amazon, so that it may control its content distribution in an infringement of the Patents-In-Suit in the manner specified herein.

*E.g., PersonalWeb Techs., LLC v. Airbnb, Inc.*, No. 5:18-cv-00149, Dkt. No. 1 at ¶ 22 (N.D. Cal. Jan. 8, 2018).

26. More specifically, the identical complaints allege that the AWS customers infringe the patents-in-suit because they make a "contractual choice" to use "both hardware and software hosted on the Amazon S3 hosting system" and "uploads [files] to an Amazon S3 host system as objects." In other words, according to PersonalWeb, the customers infringe because they "control" Amazon's S3 service by using it in a conventional manner for its intended purpose.

27. The complaints identically allege that the content-based identifier of the patents-in-suit is the "the object's associated E-Tag value generated [by Amazon's S3] upon upload"—the same ETag generated by the same "hardware and software of the Amazon S3 system" that PersonalWeb unsuccessfully accused in the earlier Texas case against Amazon. (*Id.* ¶ 38, the customer's

"website has determined a substantially unique identifier for the data item by calculating a hash fingerprint and E-Tags of the file's contents"). *Cf., PersonalWeb Technologies, LLC et al v. Airbnb, Inc.*, 3-18-cv-00149, Dkt. No. 1 at ¶¶ 36, 46, 55, 62, 73, 78 (N.D. Cal. Jan. 8, 2018).

28. PersonalWeb alleges that each of Amazon's customers infringes at least claims 38 and 42 of the '791 patent; claims 10 and 11 of the '422 patent; claims 20, 69, and 71 of the '310 Patent; claims 46, 48, 59, 52, 55 and 56 of the '544 Patent; and claims 25- 27, 29, 30, 32-36 and 166 of the '420 patent. *See, e.g. PersonalWeb Technologies, LLC et al v. Airbnb, Inc.*, 3-18-cv-00149, Dkt. No. 1 at ¶¶ 36, 46, 55, 62, 73 (N.D. Cal. Jan 8, 2018).

### III. DEFENDANTS' ALLEGATIONS AGAINST AMAZON'S CUSTOMERS GAVE RISE TO AN IMMEDIATE AND ACTUAL CASE OR CONTROVERSY BETWEEN DEFENDANTS AND AMAZON.

29. As a result of Defendants' allegations against the Amazon's customers, there is an immediate and actual case or controversy regarding whether claim preclusion and the *Kessler* doctrine bar the claims against the customers. Defendants' continued pursuit of 50 separate lawsuits dispersed throughout the country on precluded claims will irreparably harm Amazon and its customers.

30. Amazon S3 technology does not infringe any claim of the patents-in-suit, directly or indirectly.

31. Amazon has a direct and substantial interest in defeating any patent infringement claims relating to S3 alleged by defendants in their complaints against Amazon's customers. Defendants specifically targeted the S3 technology. AWS designs and develops the accused S3 technology, and the accused object storage and generation of the alleged content-based identifiers is carried out by servers in AWS data centers. Thus, defendants' infringement allegations directly implicate Amazon and its technology.

32. This controversy is between parties having adverse legal interests and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to the alleged infringement of the patents in suit by Amazon customers using Amazon technology.

33. Pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. §§ 2201, and 2202, defendants are subject to suit in the Northern District of California. Amazon has therefore brought this

action here to obtain just and speedy resolution of this dispute, to relieve Amazon's customers of the unnecessary burden of litigating meritless cases that target AWS technology, and to once and for all remove the cloud of uncertainty that has been cast over Amazon's technology. *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed.Cir.1987) ("the purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights"); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (where patentee's "forceful threats [against customers] created a cloud over [supplier's] business, shareholders, and customers, and [supplier's] potential liability increased as it continued to sell the allegedly infringing products," supplier "entitled under the Declaratory Judgment Act to seek a timely resolution of . . . threats of litigation and remove itself from 'the shadow of threatened infringement litigation'") (citation omitted).

## FIRST CAUSE OF ACTION—DECLARATION OF CLAIM PRECLUSION

34. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

35. The doctrine of claim preclusion bars a party from bringing a claim when a court of competent jurisdiction has rendered final judgment on the merits of the claim in a previous action on the same claims. Any claims or defenses that were raised or could have been raised in that action are extinguished. *See Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001); *see also In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994). These extinguished claims include all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008).

36. In 2011, PersonalWeb sued Amazon in the Eastern District of Texas for infringement of eight patents, four of which it now asserts against Amazon's customers: the '791 patent, the '442 patent, the '310 patent, and the '544 patent. The suit against Amazon reached a final determination on the merits because it was dismissed with prejudice.

37. The claim in the previous litigation and the claims in the present customer suits are the same. Both then and now PersonalWeb accused use of Amazon's S3 technology. Both then

and now PersonalWeb asserted the same patents. Because the same patents and the same accused technology are involved in all suits, claim preclusion bars PersonalWeb's claims against Amazon's customers.

38. The '420 patent, which PersonalWeb did not assert (but could have asserted) in the prior infringement suit, is a continuation of the '442 patent that issued after the initial complaint was filed in *PersonalWeb Technologies, LLC v. Amazon.com, Inc.*, but before PersonalWeb and Level3 filed their amended complaint in that case. The applicants filed a terminal disclaimer limiting the term of the '420 patent to that of the asserted '280 patent. The '420 patent addresses the same subject matter as the '791, '442, '310, and '544 patents, and the infringement claims based on it are directed at the same accused product. PersonalWeb could have included claims based on the '420 patent in its amended complaint against Amazon, and had a duty to do so. Accordingly, claim preclusion bars claims based on the '420 patent as well.

39. An actual and justiciable controversy exists between Amazon and PersonalWeb as to whether claim preclusion bars PersonalWeb's current claims against Amazon's customers.

40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that claim preclusion bars PersonalWeb's claims against Amazon's customers.

**SECOND CAUSE OF ACTION—PRECLUSION UNDER THE *KESSLER* DOCTRINE**

41. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

42. The *Kessler* doctrine "bars a patent infringement action against a customer of a seller who has previously prevailed against the patentee because of invalidity or noninfringement of the patent." *SpeedTrack, Inc. v. Office Depot, Inc.*, 791 F.3d 1317, 1322 (Fed. Cir. 2015) (citing *MGA, Inc. v. Gen. Motors Corp.*, 827 F.2d 729, 734 (Fed. Cir. 1987)).

43. In the prior Texas suit, Amazon prevailed against PersonalWeb's claims that S3 infringed the patents-in-suit. Under the *Kessler* doctrine, S3 carries with it a "limited trade license" for use in commerce by Amazon and its customers, free and clear of additional claims of infringement based on the same patents-in-suit. While the '420 patent was not asserted in the prior suit, it

is a continuation of the '442 patent with a terminal disclaimer, and thus the *Kessler* doctrine applies to the '420 patent with equal force. *See, e.g., Simple Air, Inc. v. Google Inc.,* 204 F. Supp. 3d 908 (E.D. Tex. 2016).

44. PersonalWeb has asserted the patents-in-suit against Amazon's customers alleging that their use of Amazon's S3 infringes the patents.

45. Accordingly, an actual and justiciable controversy exists between Amazon and PersonalWeb as to whether the *Kessler* doctrine bars PersonalWeb's claims against Amazon's customers.

46. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that the *Kessler* doctrine bars PersonalWeb's claims against Amazon's customers.

**THIRD CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT ('791 PATENT)**

47. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

48. PersonalWeb has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '791 patent.

49. PersonalWeb's allegations are barred, as described above. Should the Court disagree, however, the Court should enter judgment declaring that Amazon and its technology, including when used by Amazon's customers, does not infringe the '791 patent.

50. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '791 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including S3, infringe the '791 patent either literally or under the doctrine of equivalents.

51. The '791 patent is directed to the idea of a data processing system that locates a particular data item with unique identifiers. Claim 38, for example, recites the act of "(A) determining a substantially unique identifier for the data item, the identifier depending on and being determined using all of the data in the data item and only the data in the data item, whereby two

identical data items in the system will have the same identifier;" "(B) requesting the particular data item by sending the data identifier of the data item from the requester location to at least one location of a plurality of provider locations in the system."

52. Neither Amazon nor its technology, including S3, infringes the '791 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. The claimed methods require using the "substantially unique identifiers" to retrieve a data object. The ETags alleged to be such identifiers cannot be used to request an S3 object and are not used as identifiers in the S3 system. S3, therefore, does not meet at least the claim requirements of "determining a substantially unique identifier for the data item, the identifier depending on and being determined using all of the data in the data item and only the data in the data item, whereby two identical data items in the system will have the same identifier", "requesting the particular data item by sending the data identifier of the data item from the requester location to at least one location of a plurality of provider locations in the system" of claim 38 and similar claim limitations in the other claims of the '791 patent. On information and belief all of this information was known to PersonalWeb based on its prior suit against Amazon asserting the '791 patent against the same technology.

53. An actual and justiciable controversy exists between Amazon and PersonalWeb as to Amazon's non-infringement of the '791 patent.

54. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Amazon seeks a declaration that it does not infringe any claim of the '791 patent.

**FOURTH CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT ('442 PATENT)**

55. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

56. PersonalWeb has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '442 patent.

57. PersonalWeb's allegations are barred, as described above. Should the Court disagree, however, the Court should enter judgment declaring that Amazon and its technology, including when used by Amazon's customers, does not infringe the '442 patent.

58. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '442 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including S3, infringe the '442 patent either literally or under the doctrine of equivalents.

59. The '442 patent is directed to the method of policing licensed content using content-based identifiers. Claim 10, for example, recites "a method, in a system in which a plurality of files are distributed across a plurality of computers;" the act of "obtaining a name for a data file, the name being based at least in part on a given function of the data, wherein the data used by the function comprises the contents of the particular file;" and the act of "determining, using at least the name, whether a copy of the data file is present on at least one of said computers."

60. Neither Amazon nor its technology, including S3, infringes the '442 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. The claims require the act of "determining, using at least the name, whether a copy of the data file is present on at least one of said computers." Accordingly, the claimed process must enable data identifiers to locate a particular data object. The ETags alleged to be such names cannot be used to request an S3 object and are not used as identifiers in the S3 system. S3, therefore, does not meet at least the claim requirements of "determining, using at least the name, whether a copy of the data file is present on at least one of said computers" of claim 10 and similar claim limitations in the other claims of the '442 patent. On information and belief all of this information was known to PersonalWeb based on its prior suit against Amazon asserting the '442 patent against the same technology.

61. An actual and justiciable controversy exists between Amazon and PersonalWeb as to Amazon's non-infringement of the '442 patent.

62. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '442 patent.

**FIFTH CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT
('310 PATENT)**

63. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

64. PersonalWeb has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '310 patent.

65. PersonalWeb's allegations are barred, as described above. Should the Court disagree, however, the Court should enter judgment declaring that Amazon and its technology, including when used by Amazon's customers, does not infringe the '310 patent.

66. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '310 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including S3, infringe the '310 patent either literally or under the doctrine of equivalents.

67. The '310 patent is directed to controlling access to data in a data processing system. Claim 69, for example, recites "a system operable in a network of computers, the system comprising hardware including at least a processor, and software, in combination with said hardware;" a system "(a) . . . receive at a first computer, from a second computer, a request regarding a data item, said request including at least a content-dependent name for the data item, the content-dependent name being based at least in part on the function of the data in the data item, wherein the data used by the function to determine the content-dependent name comprises at least some of the contents of the data item, wherein the function that was used is a message digest function or hash function, and wherein two identical data items will have the same content-dependent name;" and a system "(i) to cause the content-dependent name of the data item to be compared to a plurality of values; and (ii) to determine if access to the data item is authorized or unauthorized based on whether or not the content-dependent name corresponds to at least one of said plurality of values."

68. Neither Amazon nor its technology, including S3, infringes the '310 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. Claim 69 requires the acts of "caus[ing] the content-dependent name of the data item to be compared to a

plurality of values; and [] determin[ing] if access to the data item is authorized or unauthorized based on whether or not the content-dependent name corresponds to at least one of said plurality of values." The ETags alleged to be such content-dependent names cannot be used to request an S3 object and are not used as identifiers in the S3 system, nor are they used to determine whether access is authorized. S3, therefore, does not meet at least the claim requirements of "determin[ing] if access to the data item is authorized or unauthorized based on whether or not the content-dependent name corresponds to at least one of said plurality of values" of claim 69 and similar claim limitations in the other claims of the '310 patent. On information and belief all of this information was known to PersonalWeb based on its prior suit against Amazon asserting the '310 patent against the same technology.

69. An actual and justiciable controversy exists between Amazon and PersonalWeb as to Amazon's non-infringement of the '310 patent.

70. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '310 patent.

### SIXTH CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT ('544 PATENT)

71. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

72. PersonalWeb has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '544 patent.

73. PersonalWeb's allegations are barred, as described above. Should the Court disagree, however, the Court should enter judgment declaring that Amazon and its technology, including when used by Amazon's customers, does not infringe the '544 patent.

74. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '544 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including S3, infringe the '544 patent either literally or under the doctrine of equivalents.

75. The '544 patent is directed to a system in which one or more parts of an object are

provided with individual hashes, and those hashes are hashed together to create one unique identifier for all of the parts. Claim 46, for example, recites the act of "(A) for each particular file of a plurality of files: (a2) determining a particular digital key for the particular file, wherein the particular file comprises a first one or more parts;" the act of "(a2) adding the particular digital key of the particular file to a database, the database including a mapping from digital keys of files to information about the corresponding files." Claim 46 further requires "(C) attempting to match the search key with a digital key in the database."

76. Neither Amazon nor its technology, including S3, infringe the '544 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. Claim 46 requires the act of "attempting to match the search key with a digital key in the database." When S3 evaluates a conditional GET request and checks an ETag, it does not check against a number of matches in a database; there is only one ETag value that is examined. Amazon, therefore, does not meet at least the claim requirements of "attempting to match the search key with a digital key in the database" of claim 46 and similar claim limitations in the other claims of the '544 patent. On information and belief all of this information was known to PersonalWeb based on its prior suit against Amazon asserting the '544 patent against the same technology.

77. An actual and justiciable controversy exists between Amazon and PersonalWeb as to Amazon's non-infringement of the '544 patent.

78. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '544 patent.

**NINTH CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT ('420 PATENT)**

79. Amazon restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

80. PersonalWeb has alleged and continues to allege that use or incorporation of Amazon's technology infringes claims of the '420 patent.

81. PersonalWeb's allegations are barred, as described above. Should the Court disa-

gree, however, the Court should enter judgment declaring that Amazon and its technology, including when used by Amazon's customers, does not infringe the '420 patent.

82. Amazon has not and does not make, use, offer for sale, or import any product, service, or technology that infringes, induces, or contributes to any infringement of, any claim of the '420 patent either literally or under the doctrine of equivalents. Nor does Amazon's technology, including S3, infringe the '420 patent either literally or under the doctrine of equivalents.

83. The '420 patent is directed to accessing data in a data processing system. Claim 166, for example, recites "(A) for a particular data item in a set of data items, said particular data item comprising a corresponding particular sequence of bits."

84. Neither Amazon nor its technology, including S3 infringes the '420 patent directly or indirectly, literally or under the doctrine of equivalents, for at least the following reasons. For example, Claim 166 requires the particular data item to "(a2) selectively permit the particular data item to be made available for access and to be provided to or accessed by or from at least some of the computers in a network of computers, wherein the data item is not to be made available for access or provided without authorization, as resolved based, at least in part, on whether or not at least one of said one or more content-dependent digital identifiers for said particular data item corresponds to an entry in one or more databases, each of said one or more databases comprising a plurality of identifiers, each of said identifiers in each said database corresponding to at least one data item of a plurality of data items, and each of said identifiers in each said database being based, at least in part, on at least some of the data in a corresponding data item." Accordingly, the claimed process must use the claimed content-dependent digital identifiers to retrieve a particular data object to and evaluate whether the access is authorized. The ETags alleged to be such content-dependent digital identifiers cannot be used to request an S3 object and are not used as identifiers in the S3 system, nor are they used to determine whether access is authorized. All of this information would have been readily apparent to PersonalWeb from even a cursory pre-filing investigation and in light of their prior suit against Amazon involving the same technology.

85. An actual and justiciable controversy exists between Amazon and PersonalWeb as to Amazon's non-infringement of the '420 patent.

86. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Amazon seeks a declaration that it does not infringe any claim of the '420 patent.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for a declaratory judgment against Defendants as follows:

A. A declaration that PersonalWeb's claims against Amazon.com, AWS, and their customers are barred by res judicata;

B. A declaration that PersonalWeb's claims against Amazon.com, AWS, and their customers are barred by the *Kessler* doctrine;

C. An order enjoining PersonalWeb from pursuing its claims against Amazon and its customers;

D. If PersonalWeb's claims are not barred, a declaration that Amazon does not infringe any claim of the '791 patent;

E. If PersonalWeb's claims are not barred, a declaration that Amazon does not infringe any claim of the '442 patent;

F. If PersonalWeb's claims are not barred, a declaration that Amazon does not infringe any claim of the '310 patent;

G. If PersonalWeb's claims are not barred, a declaration that Amazon does not infringe any claim of the '544 patent;

H. If PersonalWeb's claims are not barred, a declaration that Amazon does not infringe any claim of the '420 patent;

I. An award of costs and attorneys' fees to Amazon; and

J. Such other and further relief as the Court deems just and reasonable.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 3-6, Plaintiffs Amazon.com and AWS hereby demand a trial by jury of all issues so triable.

AMAZON'S COMPLAINT FOR DECLARATORY JUDGMENT   17   Case No.: _____

Respectfully submitted,

Dated: February 5, 2018

FENWICK & WEST LLP

By: */s/ J. David Hadden*
    J. David Hadden
    Saina S. Shamilov
    Todd R. Gregorian
    Phillip J. Haack
    Chieh Tung

Attorneys for Amazon.com, Inc. and Amazon Web Services, Inc.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

AMAZON'S COMPLAINT FOR DECLARATORY JUDGMENT     18     Case No.: _____