1  Jeffrey F. Gersh (SBN 87124)
   jeffgersh@iplawllp.com
2  Michael A. Sherman (SBN 94783)
   michaelsherman@iplawllp.com
3  Sandeep Seth (SBN 195914)
   sandyseth@iplawllp.com
4  Wesley W. Monroe (SBN 149211)
   wesleymonroe@iplawllp.com
5  Viviana Boero Hedrick (SBN 239359)
   vivianahedrick@iplawllp.com
6  IP LAW GROUP, LLP
   15260 Ventura Blvd., Suite 840
7  Sherman Oaks, CA 91403
   Telephone:  (818) 444-9290
8
   Attorneys for Defendants
9
   [ADDITIONAL ATTORNEYS
10 LISTED ON SIGNATURE PAGE]

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14
   AMAZON.COM, INC, and AMAZON          CASE NO.: 5:18-cv-00767-BLF
15 WEB SERVICES, INC.
                                        MDL 2834
16              Plaintiff,
                                        DEFENDANTS' NOTICE OF
17 v.                                   MOTION AND RULE 12(B)(1)
                                        MOTION TO DISMISS FIRST
18 PERSONALWEB TECHNOLOGIES,            AMENDED COMPLAINT
   LLC, a Texas limited liability company,
19 and                                  DATE:   June 14, 2018
   LEVEL 3 COMMUNICATIONS, LLC,         TIME:   9:00 am
20 a Delaware limited liability company, JUDGE: Hon. Beth Labson Freeman
                                        CTRM:   3
21              Defendants.

22

23

24

25

26

27

28

1   **TO THE COURT AND TO ALL PARTIES OF RECORD:**

2       **PLEASE TAKE NOTICE** that on June 14, 2018 at 9:00 a.m., or on such other

3   date to be set by the Court, at 280 South 1st Street, San Jose, California, in Courtroom

4   3, before the Honorable Beth Labson Freeman, Defendant PersonalWeb Technologies

5   LLC and Level 3 Communications, LLC (collectively, "PersonalWeb") will, and

6   hereby do, move this Court to dismiss Amazon.com, Inc.'s ("Amazon.com") and

7   Amazon Web Services, Inc.'s ("AWS") (collectively, "Amazon") First Amended

8   Complaint for Declaratory Judgement (Dkt. No. 36) ("First Amended Complaint" or

9   "FAC") in its entirety.

10       PersonalWeb brings this motion to dismiss under Federal Rules of Civil

11   Procedure 12(b)(1) because Amazon's First Amended Complaint fails to establish facts

12   sufficient to confer the exercise of subject matter jurisdiction over its Declaratory

13   Judgment Action.  This motion is brought after, first, conferring with Amazon's counsel

14   on March 21, 2018 to discuss the basis of its filing and requesting Amazon to stipulate

15   to (1) withdrawing its currently pending Motion for Injunction (Dkt. 19 and 20); (2)

16   amending its original Complaint, and (3) not refiling its motion for injunction until after

17   the Court has first determined whether it has and will exercise subject matter

18   jurisdiction.  While PersonalWeb was waiting for a response to the stipulation, Amazon

19   filed its First Amended Complaint.

20       Thereafter, on March 27, 2018, PersonalWeb's counsel conferred with Amazon's

21   counsel to discuss the basis of PersonalWeb's request that Amazon dismiss its First

22   Amended Complaint as the First Amended Complaint did not rectify the subject matter

23   jurisdiction issues.  This motion seeks entry of an order dismissing the First Amended

24   Complaint based on the following Memorandum of Points and Authorities filed

25   concurrently herewith, on all pleadings and papers on file or to be filed in the above-

26   entitled action, arguments of counsel and any other matters that may properly come

27   before the Court for its consideration.

28

DEFENDANTS' NOTICE OF MOTION
AND RULE 12(B)(I) MOTION TO DISMISS
FIRST AMENDED COMPLAINT
                CASE NO: 5:18-CV-00767-BLF

1 | Dated: April 13, 2018                           Respectfully submitted,

2

3                                                   **IP LAW GROUP, LLP**

4                                                   By: /s/ *Jeffrey F. Gersh*
5                                                        Jeffrey F. Gersh
                                                         Michael A. Sherman
6                                                        Sandeep Seth
7                                                        Wesley W. Monroe
                                                         Viviana Boero Hedrick
8                                                        Attorneys for Plaintiff
9                                                        PersonalWeb Technologies, LLC

10                                                  **MACEIKO, IP**
11                                                  By: /s/ *Theodore S. Maceiko*
                                                         Theodore S. Maceiko
12                                                       ted@maceiko.com
13                                                       Maceiko IP
                                                         420 2nd Street
14                                                       Manhattan Beach, California 90266
15                                                       Telephone: (310) 545-3311
                                                         Facsimile: (310) 545-3344
16                                                       Attorneys for Plaintiff
17                                                       PersonalWeb Technologies, LLC

18                                                  **David D. Wier**
19                                                  By: /s/ *David* D. Wier
                                                         David D. Wier
20                                                       David.wier@level3.com
21                                                       1025 Eldorado Blvd.
                                                         Broomfield, CO 80021
22                                                       Telephone: (702) 888-3539
23                                                       Attorneys for Plaintiff
                                                         LEVEL 3 COMMUNICATIONS,
24                                                       LLC

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant PersonalWeb Technologies, LLC ("PersonalWeb") respectfully moves this Court to dismiss Amazon.com, Inc.'s ("Amazon.com") and Amazon Web Services, Inc.'s ("AWS") (collectively, "Amazon") First Amended Complaint for Declaratory Judgement (Dkt. No. 36) ("FAC") in its entirety for the reasons set forth herein.

## I.    INTRODUCTION AND FACTUAL SUMMARY

PersonalWeb has sued website operators that are alleged to, among things, use a website architecture, called Ruby on Rails ("Ruby"), in combination with certain aspects of the HTTP web protocol.  The Ruby architecture and the web protocol control the files a user's browser employs to render a webpage, to ensure that only the latest authorized content is used in rendering that webpage.  *See, e.g. PersonalWeb Technologies, LLC et al v. Airbnb, Inc.*, 5:18-cv-00149, Dkt. No. 1 at ¶¶ 19, 20, 21 (N.D. Cal. Jan. 8, 2018).

As alleged by PersonalWeb, the Ruby architecture performs certain specific tasks that are part of the infringement.  In particular, the Ruby architecture renders a webpage by using an index file and asset files.  *Id.* The index file for a given webpage lists the filenames of each of the asset files that are necessary to render that webpage.  *Id.* at ¶ 24. When an asset file is originally created or changed by the website owner, Ruby automatically calculates a content fingerprint for the asset file by applying a hash function to the file's content and inserts that calculated content fingerprint into the file's filename. *Id.* at ¶¶ 19, 20, 21.  When the file's content changes (*e.g.* a given image is replaced by a different image), Ruby automatically calculates a new content fingerprint by applying the hash function to the file's new content and updates the filename by replacing the old fingerprint with the new one. *Id.* Ruby then updates the index file by replacing the filename having the old fingerprint with the filename having the new fingerprint. *Id.* at 21.

On February 5, 2018, Amazon filed its original Complaint in this matter, seeking declaratory judgment regarding PersonalWeb's claims of infringement against the website operators.

Amazon has not alleged facts or allegations made by PersonalWeb that would subject Amazon to a finding of contributory infringement or inducement of infringement of PersonalWeb's patents through the use of Amazon's services. Nor has Amazon alleged that it had an obligation to indemnify the website operators or had agreed to indemnify the website operators at the time Amazon filed its complaint. "A declaratory judgment plaintiff must plead facts sufficient to establish jurisdiction at the time of the complaint, and post-complaint facts cannot create jurisdiction where none existed at the time of filing. [*Citations omitted*]." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 906 (Fed. Cir. 2014). Accordingly, this Court does not have subject matter jurisdiction over Amazon's declaratory judgment action and Amazon does not have standing to bring this action. It must be dismissed.

## II.   <u>PROCEDURAL BACKGROUND</u>

Amazon's entire basis for subject matter jurisdiction is alleged in paragraph 8 of its originally filed Complaint:

> 8. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Amazon seeks declaratory relief under the Declaratory Judgment Act. Defendants have sued Amazon's customers, alleging patent infringement because they use Amazon's S3 service. Thus, a substantial controversy exists between Amazon and defendants that is of sufficient immediacy and reality to empower the Court to issue a declaratory judgment. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014). The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, and under 28 U.S.C. §§ 2201 and 2202.

Between March 21, 2018 and March 23, 2018, PersonalWeb conferred with Amazon regarding its motion to dismiss (that it anticipated filing on March 23, 2018).

DEFENDANTS' NOTICE OF MOTION
AND RULE 12(B)(1) MOTION TO DISMISS
FIRST AMENDED COMPLAINT

CASE NO: 5:18-CV-00767-BLF

1  During that process, PersonalWeb informed Amazon that Amazon had failed to
2  establish subject matter jurisdiction (which Amazon was then alleging in ¶ 8 of its
3  Complaint) under the case law Amazon itself had cited in the Complaint, and requested
4  Amazon to file an Amended Complaint, withdraw its motion for injunction, and further
5  to not refile such a motion until subject matter jurisdiction was resolved.   While
6  PersonalWeb awaited Amazon's response, Amazon filed this 11th hour First Amended
7  Complaint, minutes before PersonalWeb was to file its motion to dismiss the original
8  Complaint.   Thereafter, on March 27, 2018, PersonalWeb conferred with Amazon
9  regarding its motion to dismiss the First Amended Complaint despite Amazon's
10 allegations of indemnification.

11      Paragraph 8 of the First Amended Complaint again alleges Amazon's basis for
12 the Court to exercise subject matter jurisdiction.   It is reproduced below, with the newly
13 added allegations in bold:

14

15      8. This is a civil action regarding allegations of patent infringement
16 arising under the patent laws of the United States, Title 35 of the United
States Code, in which Amazon seeks declaratory relief under the
17 Declaratory Judgment Act. Defendants have sued Amazon's customers,
alleging patent infringement because they use Amazon's S3 service.
18 **Defendants' allegations are identical for all customers and consistently**
19 **reference Amazon S3 as the allegedly infringing technology, and**
**therefore give rise to implied indirect infringement claims against**
20 **Amazon. As discussed below, Amazon is indemnifying and defending**
**its customers in these suits consistent with the indemnity provisions of**
21 **the AWS Customer Agreement.** Thus, a substantial controversy exists
22 between Amazon and defendants that is of sufficient immediacy and
reality to empower the Court to issue a declaratory judgment. *See*
23 *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014). The
24 Court has subject matter jurisdiction over this action under 28 U.S.C. §§
1331 and 1338, and under 28 U.S.C. §§ 2201 and 2202.
25

26      But as a matter of law under the very same case law cited by Amazon, these
27 additional allegations do not establish the Court's subject matter jurisdiction.

28

DEFENDANTS' NOTICE OF MOTION
AND RULE 12(B)(I) MOTION TO DISMISS
FIRST AMENDED COMPLAINT

CASE NO: 5:18-CV-00767-BLF

## III.   ARGUMENT

### A.   Amazon Fails to Establish Subject Matter Jurisdiction

Amazon cites to a single case, *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014) to support its contention that the three factual allegations it makes in its FAC establish subject matter jurisdiction: namely, that [1] "Defendants have sued Amazon's customers, alleging patent infringement because they use Amazon's S3 service" and that "Defendants' allegations are identical for all customers and consistently reference Amazon S3 as the allegedly infringing technology";  [2] "and therefore give rise to implied indirect infringement claims against Amazon"; and [3] "…Amazon is indemnifying and defending its customers in these suits consistent with the indemnity provisions of the AWS Customer Agreement."   (First Amended Complaint at ¶8).   But *DataTern* shows Amazon has not established subject matter jurisdiction by these three allegations.

> **1. Allegation [1]: "Defendants have sued Amazon's customers, alleging patent infringement because they use Amazon's S3 service" and that "Defendants' allegations are identical for all customers and consistently reference Amazon S3 as the allegedly infringing technology."**

This allegation is contradicted by the complaints that PersonalWeb filed against the website operators. As set forth in Section I, *supra*, PersonalWeb has sued the website owners because they use a combination of the Ruby architecture and aspects of the HTTP web protocol in an allegedly infringing manner, not just because they use S3. To the extent that the phrases "because they use Amazon's S3 service" and "Amazon S3 as *the* allegedly infringing technology" (emphasis added) are intended to suggest otherwise, they are factually incorrect.

While Amazon's addition of an allegation of implied indirect infringement later in paragraph 8 of the FAC (discussed in section III. A. 2., *infra*) appears to abandon any claim that subject matter jurisdiction is based on PersonalWeb's allegations of direct

4

1   infringement against Amazon's customers, to be clear, *DataTern* is explicit that this

2   would not be enough to establish subject matter jurisdiction.

3          In *DataTern,* the patent owner (DataTern) sued several Microsoft and SAP

4   customers for infringement of two patents. *Id.* at 902. Microsoft and SAP later filed

5   separate non-infringement and invalidity declaratory judgment actions against

6   DataTern. *Id.* On appeal, the Federal Circuit resolved the issue of "whether the facts

7   alleged, under all the circumstances, show that there is a substantial controversy,

8   between parties having adverse legal interests, of sufficient immediacy and reality to

9   warrant the issuance of a declaratory judgment." *Id.* at 903 (citing *MedImmune, Inc. v.*

10  *Genentech, Inc.,* 549 U.S. 118, 127 (2007)).

11         In ruling that Microsoft (Appellee in the *DataTern* Federal Circuit decision) had

12  not established subject matter jurisdiction over one of the patents, the Federal Circuit

13  held:

14         To the extent that Appellees argue that they have a right to bring the
           declaratory judgment action *solely because their customers have been sued*
15         *for direct infringement, they are incorrect*. DataTern has accused
           customers using Appellees' software packages of infringing the asserted
16         method claims, but there are no arguments that there is a case or
           controversy between DataTern and Appellees on direct infringement.
17

18

19  *Id.* at 904 (citing *Arris Group, Inc. v. British Telecommunications* PLC, 639 F.3d

20  1368, 1375 (Fed. Cir. 2011) and *Microchip Tech. Inc. v. Chamberlain Grp., Inc.*, 441

21  F.3d 936, 943-44 (Fed. Cir. 2006)) (emphasis added).

22         **2. Allegation [2]: The allegations against the Defendants "therefore give rise**
           **to implied indirect infringement claims against Amazon."**
23

24         Defendant next alleges that the allegations against the Defendants "give rise to

25  an implied indirect infringement claim against Amazon." FAC at ¶ 8.

26         However, as made clear in *DataTern*, allegations of infringement against an

27  entity's customers are not enough to show an allegation of indirect infringement against

28  the "supplier/manufacturer". Specifically, the Federal Circuit in *DataTern* stated,

5

"where a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action *if* ... there is a controversy between the patentee and the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers." *DataTern*, 755 F.3d at 903 (emphasis in original) (quoting *Arris Group, Inc.*, 639 F.3d at 1375). Amazon has not sufficiently alleged that a controversy exits as to either induced or contributory infringement by Amazon relative to their customers' use of Amazon's services.

Contributory infringement requires that the accused *know* that their component was "especially made or especially adapted for use in an infringement of such patent" and that it is not "a commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Thus, in *Arris Group, Inc.*, the Federal Circuit only found a genuine controversy over contributory infringement, where the patentee "repeatedly communicated this implicit accusation directly to the declaratory judgment plaintiff during the course of a protracted negotiation process" and whereby each element required for contributory infringement under § 271(c) was analyzed before determining an implied assertion of contributory infringement that supported jurisdiction." *Arris Group, Inc.* 639 F.3d at 1376-78; *see also*, *DataTern*, 755 F.3d at 903.

Amazon has not alleged that PersonalWeb contends (because it doesn't) that Amazon's web services were especially made or especially adapted for use in an infringement of the PersonalWeb patents, or that Amazon knew that their services were so made or adapted. Similarly, Amazon has not alleged that PersonalWeb contends (because it doesn't) that Amazon's web services are not a commodity of commerce suitable for substantial noninfringing use. Accordingly, there is no controversy between PersonalWeb and Amazon as to whether Amazon contributed to the alleged infringement of PersonalWeb's patents by the sued website operators.

Induced infringement requires "that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent

6

1  infringement." *DataTern*, 755 F.3d at 904 (citing *Global–Tech Appliances, Inc. v. SEB*

2  *S.A.*, —— U.S. ——, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011)). As with

3  contributory infringement, Amazon has not alleged that PersonalWeb contends

4  (because it doesn't) that Amazon "took an affirmative act to encourage infringement

5  with the knowledge that the induced acts constitute patent infringement." *DataTern*,

6  755 F.3d at 904. Thus, there is no controversy between PersonalWeb and Amazon as

7  to whether Amazon induced the alleged infringement of PersonalWeb's patents by the

8  sued website operators.

9      Amazon's not so veiled effort to suggest that *it should be* liable for patent

10  infringement under some secondary theory of either induced or contributory

11  infringement does not in substance deviate from Amazon essentially still arguing that

12  PersonalWeb's suit against the website owners should *automatically* give rise to a case

13  of indirect infringement—the very notion *DataTern* soundly rejected. *Id.* ("To the

14  extent that Appellees argue that DataTern's suits against it customers *automatically*

15  give rise to a case or controversy regarding induced infringement, *we do not agree*.")

16  (emphasis added).

17      Therefore, Allegation [2] does not give rise to the Court's exercise of subject

18  matter jurisdiction on the basis of a non-pleaded claim of induced or contributory

19  infringement by Amazon.

20      **3. Allegation [3]: "As discussed below, Amazon is indemnifying and**
        **defending its customers in these suits consistent with the indemnity**

21      **provisions of the AWS Customer Agreement."**

22      Standing to sue is determined at the time of the filing of the complaint. *Arris*

23  *Group, Inc.,* 639 F.3d at 1374. Thus, in order for Amazon to establish standing to

24  commence a declaratory judgment action based on its customers' use of Amazon's

25  product, Amazon must show that, at the time they filed their complaint, they were

26  "*obligated* to indemnify its customers from infringement liability." *Id.* at 1375

27  (emphasis added). What Amazon alleges, on the other hand, is that it "*is* indemnifying

28

7

1  and defending its customers in these suits consistent with the indemnity provisions of

2  the AWS Customer Agreement." FAC at ¶ 8.

3      Amazon attempts to support its standing allegation by adding a paragraph to the

4  complaint with language from Section 9.2(a) of its AWS Customer Agreement.  FAC

5  at ¶ 32. However, Amazon neglects to quote Section 9.2(c) of the same agreement,

6  which states, "Neither party will have obligations or liability under this Section 9.2

7  arising from *infringement by combinations of the Services* or Your Content, as

8  applicable, *with any other product, service, software, data, content or method.*"

9  (emphasis added).  As discussed above in Section I, the website operators' alleged

10 infringement is based on their use of certain aspects of the Ruby on Rails system

11 architecture *in combination with* certain aspects of the HTTP web protocol, and not just

12 on Amazon's AWS.  Thus, by the plain language of the AWS Customer Agreement,

13 Amazon is not obligated to indemnify its customers for the infringement alleged by

14 PersonalWeb.  That Amazon later purportedly decided to do so anyway does not change

15 the fact that it was not *obligated* to indemnify the customers when Amazon filed the

16 original complaint.

17     Amazon's FAC also adds that it "*has agreed* for purposes of this case to

18 indemnify and defend the Amazon customers that PersonalWeb has accused of

19 infringing the patents-in-suit." FAC at ¶ 32 (emphasis added).  Conspicuous in its

20 absence is an allegation of *when* Amazon agreed to indemnify and defend its customers.

21 More specifically, there is no allegation that at the time the original complaint was filed,

22 Amazon *had already* agreed to so indemnify its customers.  Absent this fact, Amazon

23 did not "stand in the shoes" of its customers at the time its original complaint was filed

24 and thus did not have standing to bring this declaratory judgment action.

25     Therefore, Allegation [3] does not establish subject matter jurisdiction, even in

26 light of new paragraphs 32 and 33 of the FAC related to indemnity.

27

28

1

## IV.   CONCLUSION

2

Amazon's First Amended Complaint must be dismissed as Amazon has simply

3

alleged insufficient facts giving rise to the Court's exercise of subject matter

4

jurisdiction.

5

Dated: April 13, 2018                          Respectfully submitted,

6

                                               **IP LAW GROUP, LLP**

7

8                                              By: /s/ *Jeffrey F. Gersh*
                                                   Jeffrey F. Gersh

9                                                  Michael A. Sherman
                                                   Sandeep Seth

10                                                 Wesley W. Monroe
                                                   Viviana Boero Hedrick

11                                                 Attorneys for Defendants

12

13                                             **MACEIKO, IP**

14                                             By: /s/ *Theodore S. Maceiko*
                                                   Theodore S. Maceiko

15                                                 ted@maceiko.com
                                                   Maceiko IP

16                                                 420 2nd Street

17                                                 Manhattan Beach, California 90266
                                                   Telephone: (310) 545-3311

18                                                 Facsimile: (310) 545-3344

19                                                 Attorneys for Defendant
                                                   PersonalWeb Technologies, LLC

20

21                                             **David D. Wier**

22                                             By: /s/ *David* D. Wier
                                                   David D. Wier

23                                                 David.wier@level3.com
                                                   1025 Eldorado Blvd.

24                                                 Broomfield, CO 80021

25                                                 Telephone: (702) 888-3539

26                                                 Attorneys for Plaintiff
                                                   LEVEL 3 COMMUNICATIONS,

27                                                 LLC

28

DEFENDANTS' NOTICE OF MOTION
AND RULE 12(B)(1) MOTION TO DISMISS
FIRST AMENDED COMPLAINT                                    CASE NO: 5:18-CV-00767-BLF

*CASE NO.: 5:18-cv-00767-BLF*
*MDL 2834*

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15260 Ventura Blvd., Suite 840, Sherman Oaks, California 91403.

On April 13, 2018, I served the foregoing document(s) described as follows: **DEFENDANTS' NOTICE OF MOTION AND RULE 12(B)(1) MOTION TO DISMISS FIRST AMENDED COMPLAINT and [PROPOSED] ORDER RE DEFENDANTS' NOTICE OF MOTION AND RULE 12(B)(1) MOTION TO DISMISS FIRST AMENDED COMPLAINT** on the interested parties in this action, by placing serving a true copy thereof by means described below to the following addressee(s):

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 21 5636)
sshamilov@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
PHILLP J. HAACK (CSB No. 262060)
phaack@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500 Facsimile: 650.93 8.5200
Attorneys for AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.

| ☑ | **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") FRCP, Rule 5(b)(2)(E)  (Pursuant to controlling General Order(s) and Local Rule(s) ("LR"), the foregoing document will be served by the court via NEF and hyperlink to the document to counsel at the email address(s) listed above.** |
|---|---|

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on April 13, 2018 at Sherman Oaks, California.

Michele Glikman

1