1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12 | IN RE PERSONALWEB TECHNOLOGIES, LLC, ET AL., PATENT LITIGATION

13

Case No.: 5:18-md-02834-BLF

**STIPULATED PROTECTIVE ORDER**

14 | AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,

15

Plaintiffs,

16 | v.

17 | PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC,

18

Defendants.

19

20 | PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,

21

Counterclaimants,

22

23 | v.

24 | AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,

25

Counterdefendants.

Case No. 5:18-cv-00767-BLF

26

27

28

This Stipulated Protective Order is meant to govern the use of, and protect from public disclosure, any non-public and confidential or proprietary information used or disclosed in this litigation.

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 15.4 below, that this Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.   DEFINITIONS

2.1.    Action: the instant litigation, *In re Personal Web Technologies, LLC et al., Patent Litigation*, Case No. 5:18-md-02834-BLF (N.D. Cal.).

2.2.    Amazon: Amazon.com, Inc. and Amazon Web Services, Inc. and any past and present parents, predecessors, successors, subsidiaries, affiliates, divisions, associated organizations and joint ventures of Amazon.

2.3.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4.    "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including information that a Designating Party believes to be of a proprietary business or technical nature and not readily available to competitors, potential competitors, and/or other third parties.

2.5.    <u>Counsel (without qualifier)</u>: Outside counsel and House Counsel (as well as their support staff).

2.6.    <u>Designated House Counsel</u>: House Counsel who seek access to "CONFIDENTIAL" information in this matter.

2.7.    <u>Designating Party</u>: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.8.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.9.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.10.    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Subject to such qualifier, such information may fall into one or more of the following categories: business plans, business development, product development, product designs, engineering information, product specifications, software, trade secrets, market analysis, competitor analysis, customer information, vendor information, internal financial/accounting information, operations information, production information, distributor agreements, license agreements, development agreements, sales agreements, pricing information, cost information, and information regarding business relationships with third parties.

2.11.   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, or similar sensitive computer code related materials, disclosure of which to another Party or non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.12.   House Counsel: attorneys who are employees of a Party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.13.   Level3: Level3 Communications, LLC and any past and present parents, predecessors, successors, subsidiaries, affiliates, divisions, associated organizations and joint ventures of Level3.

2.14.   Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

2.15.   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, along with their associated support staff.

2.16.   Party: any party to this Action, including all of its officers, directors, employees, consultants, Experts, House Counsel, and Outside Counsel of Record (and their support staffs).

2.17.   PersonalWeb: PersonalWeb Technologies, LLC and any past and present parents, predecessors, successors, subsidiaries, affiliates, divisions, associated organizations and joint ventures of PersonalWeb.

2.18.   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.19.   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; jury consultation services; trial presentation services, etc.) and their employees and subcontractors.

2.20.   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.21.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE").

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE").

(b) for deposition transcripts, that portions or the entirety of a deposition transcript (including exhibits not already designated under this protective order) be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" (1) by making a statement to that effect on the record, during the deposition, or (2) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, on or before thirty (30) days, or as otherwise agreed by the parties, after being notified by court reporter that the deposition transcript is available, a letter or other written notice designating the portions or entirety of the transcript with a confidentiality designation. All deposition transcripts and associated exhibits are to be treated presumptively as "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the expiration of such thirty day period. The letter or other notice shall cite this Order, identify the appropriate level of confidentiality, and, if available, identify the pages and lines, and/or exhibits, to be Protected Material. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with a legend indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Order. If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE", the deposition shall continue in the absence of all persons to whom access to the Protected Material is not permitted under this Order. The court reporter or videographer shall separately mark any pages of the transcript of the deposition that have been designated to contain Protected Material. Copies of the pages marked as containing Protected Material may be provided only to persons permitted by the other provisions of this Order to receive such Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL— SOURCE CODE."

        (c) for information used during court proceedings (including, but not limited to, conferences, oral arguments, and hearings), that the parties take steps reasonably necessary to protect the confidentiality of the Confidential Information during any such use, including, but not limited to, requesting *in camera* proceedings. If any Protected Material is used in any Court pretrial proceeding in this litigation the Protected Material shall not lose its status as Confidential Information through such use. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Information at trial.

        (d) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—

SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), specifying whether they qualify as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE."

5.3 <u>Inadvertent Failure to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it

1  has engaged in this meet and confer process first or establishes that the Designating Party is

2  unwilling to participate in the meet and confer process in a timely manner.

3        6.3    <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court

4  intervention, the Designating  Party shall file and serve a motion to retain confidentiality under

5  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of

6  the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

7  process will not resolve their dispute, whichever is earlier.   Failure by the Designating Party to

8  make such a motion including the required declaration within 21 days (or 14 days, if applicable)

9  shall automatically waive the confidentiality designation for each challenged designation.  In

10 addition, the Challenging Party may file a motion challenging a confidentiality designation at any

11 time if there is good cause for doing so, including a challenge to the designation of a deposition

12 transcript or any portions thereof. Any motion brought pursuant to this provision must be

13 accompanied by a competent declaration affirming that the movant has complied with the meet and

14 confer requirements imposed by the preceding paragraph.

15       The burden of persuasion in any such challenge proceeding shall be on the Designating

16 Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

17 unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

18 Unless the Designating Party has waived the confidentiality designation by failing to file a motion

19 to retain confidentiality as described above, all parties shall continue to afford the material in

20 question the level of protection to which it is entitled under the Producing Party's designation until

21 the Court rules on the challenge.

22 **7.**      **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

23       7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or

24 produced by another Party or by a Non-Party in connection with this Action only for prosecuting,

25 defending, or attempting to settle this Action.

26       Protected Material may be disclosed only to the categories of persons and under the

27 conditions described in this Order. When the Action has been terminated, a Receiving Party must

28 comply with the provisions of paragraph 16, below (FINAL DISPOSITION).

1   Protected Material must be stored and maintained by a Receiving Party at a location and in

2   a secure manner that ensures that access is limited to the persons authorized under this Order.

3   7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered

4   by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

5   information or item designated "CONFIDENTIAL" only to:

6   (a) the Receiving Party's Outside Counsel of Record in this Action, as well as

7   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

8   information for this Action;

9   (b) Designated House Counsel of the Receiving Party (1) who has no involvement

10  in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

11  (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

12  A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

13  (c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure

14  is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement

15  To Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below,

16  have been followed;

17  (d) the Court and its personnel;

18  (e) court reporters and their staff, Professional Vendors (including professional jury

19  or trial consultants), and mock jurors to whom disclosure is reasonably necessary for this Action

20  and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A). Signature

21  of the "Acknowledgement and Agreement To Be Bound" by an authorized representative of a

22  Professional Vendor will be construed to encompass all employees of the Professional Vendor;

23  (f) during their depositions, witnesses in this Action to whom disclosure is

24  reasonably necessary and who have signed the "Acknowledgement and Agreement To Be Bound"

25  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

26  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

27  separately bound by the court reporter and may not be disclosed to anyone except as permitted

28  under this Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, an employee of the Designating Party, or a former employee of the Designating Party who was employed at the time the document was created or was in possession of the Designated Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgement and Agreement To Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, Professional Vendors (including professional jury or trial consultants), and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement To Be Bound" (Exhibit A). Signature of the "Acknowledgement and Agreement To Be Bound" by an authorized representative of a Professional Vendor will be construed to encompass all employees of the Professional Vendor; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, an employee of the Designating Party or a former employee of the Designating Party who was employed at the time the document was created or was in possession of the Designated Party.

7.4     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" pursuant to paragraph 7.2(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making. The Party seeking disclosure to Designated House Counsel must also disclose any relevant changes in the Designated House Counsel's job duties or responsibilities prior to final disposition of this Action to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

(a)(2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" first must make a written request to the Designating Party that (1) identifies the general categories of CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of the court or other body) any dispute resolution proceeding in connection with which the Expert has provided any professional services during the preceding five years. If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any

12

confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

## 8.   SOURCE CODE

8.1   To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

8.2      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in paragraphs 7.3 and 7.4, but not to any mock jurors.

8.3      Source code is to be made available for inspection as follows:

(a)      The Producing Party shall make available for inspection at the offices of Outside Counsel of the Producing Party, or at another mutually agreed location, an electronic copy of the source code in native format on a stand-alone computer in a secure room ("source code review room");

(b)      Prior to the inspection of any requested source code, the Receiving Party shall provide five business days' notice that it wishes to inspect the source code;

(c)      Absent the Producing Party's consent, access to the stand-alone computer and the source code review room shall be permitted only to Outside Counsel of Record representing the Receiving Party and its Experts retained by the Receiving Party that have been disclosed and approved under this Order;

(d)      The Producing Party shall make all relevant and properly requested source code available electronically and in text searchable form in its native format and in a file structure that mirrors the file structure of the source code as maintained by the Producing Party;

(e)      To the extent necessary, the Producing Party shall provide the Receiving Party with information explaining how to access the source code on the stand-alone computer;

(f)      The Receiving Party may request that the Producing Party print portions of the source code only when reasonably necessary to prepare for depositions, to depose a witness, or to participate in hearings or other court proceedings or to facilitate the Receiving Party's preparation of court filings, expert reports, and related drafts and correspondences ("permitted purpose"), and shall request to be printed only such portions as are relevant for such permitted purpose. The Receiving Party shall not request source code to be printed in order to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code

electronically on the stand-alone computers, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by providing printed portions of code for review and analysis elsewhere, and that providing printed portions of source code is permitted solely to enable use of source code in filings, proceedings, and depositions. The Receiving Party shall promptly destroy any printed excerpts that are determined not to be relevant to any claim or defense of any party. The Producing Party shall, subject to the terms of this Order, produce printed copies of requested source code with a unique Bates number and the label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Absent the Producing Party's consent, the Receiving Party shall not be entitled to more than 50 printed pages of any continuous block of source code or 500 printed pages in aggregate. If the Receiving Party wishes to have printed more than 500 printed pages in aggregate during the case or more than 50 printed pages of any continuous block of source code, the Receiving Party may request a meet and confer to discuss the printing of additional code. If no resolution can be reached, the Receiving Party shall be entitled to seek a court resolution permitting additional print requests. The burden of establishing the need for more than 500 pages of source code or more than 50 printed pages of any continuous block of source code shall rest with the Receiving Party.

(g)     The Producing Party shall install tools on the stand-alone computer for viewing and searching any of the Producing Party's source code. The Receiving Party's Outside Counsel of Record or Experts may request that additional commercially available software tools for viewing, searching, and analyzing source code be installed on the stand-alone computer, provided, however, that (a) the Receiving Party possesses an appropriate license, if necessary, to such software tools; and (b) the Producing Party approves such software tools (which approval shall not be unreasonably withheld). The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed (if necessary) software tool(s) or a link from which the software tool(s) may be downloaded at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the stand-alone computer.

(h)     Other than as provided for herein, the Receiving Party will not transmit any source code in any way from the Producing Party's Outside Counsel of Record's offices and will

not copy, remove, or otherwise transfer any source code from the stand-alone computers including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment, including without limitation recording devices, cell phones, cameras, peripheral equipment, laptops, drives, CDs, DVDs, memory, sound recorders, or recordable media.

(i)     The Receiving Party's Outside Counsel of Record may make no more than three (3) additional paper copies of any portions of the source code received from a Producing Party under paragraph 8.3(e), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the source code received from a Producing Party that are delivered by the Receiving Party to any qualified person under paragraph 8.2 above. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) days' advance notice to the Receiving Party by the Designating Party, the Receiving Party shall provide a copy of this log to the Designating Party.

(j)     The Producing Party may require that all individuals, upon each entry or exit of the source code review room by that individual, sign a log, provided by the Producing Party, indicating the name of that individual, whether the individual entered or exited the source code review room, and the date and time of such entry or exit. The Producing Party shall be entitled to have a person monitor all entrances and exits from the source code review room. The Producing Party shall also be entitled to visually monitor, in a non-intrusive fashion and at reasonable intervals, the Receiving Party's activities in the source code review room from outside such room, through a glass wall or window. But the Producing Party shall not hear the Receiving Party or see the contents of the Receiving Party's notes or the display of the standalone computer and may not use a video camera or other recording device to monitor the source code review room or the activities of the Receiving Party, nor may the Producing Party physically enter the source code review room when the Receiving Party is present without the Receiving Party's consent.   The foregoing is not intended to restrict in any way the Producing Party's ability or right to otherwise ensure, for example, that the source code remains secure, that the stand-alone computer has not been tampered with, and that the provisions of this Order have not been violated.

(k)     No recording devices contained in cell phones, cameras, peripheral equipment, laptops, drives, CDs, DVDs, memory, sound recorders, or recordable media will be permitted to be used inside the source code review room except as provided herein. The Receiving Party's Outside Counsel of Record or Experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically on any computer that is connected to any network; notwithstanding the foregoing, the Receiving Party's Outside Counsel of Record or Experts are permitted to make or maintain electronic copies of their notes outside of the source code review room. Further, no copies of any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(l)     The Receiving Party's Outside Counsel of Record and any person receiving any paper copy of any source code under this Order shall maintain and store such paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

(m)     For depositions, the Receiving Party shall only be allowed to bring three (3) copies of any printed source code it wishes to use at the deposition. Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of source code brought at the deposition shall be returned to the Producing Party following the deposition.

(n)     Except as provided herein or absent consent from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code). Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and

other papers whenever possible.  Nothing in the order will require, however, that Court filings or expert reports cannot be created, stored or filed electronically containing relevant portions of source code, provided that (1) including the source code excerpts is reasonably necessary and (2) the filing party requests to file the document under seal and the document or expert report is clearly designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Order.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," the Receiving Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and

1  nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

2  this Action to disobey a lawful directive from another court.

3  **10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

4  **THIS LITIGATION**

5      (a)    The terms of this Order are applicable to information produced by a Non-Party in

6  this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL— ATTORNEYS'

7  EYES ONLY" and "HIGHLY CONFIDENTIAL—SOURCE CODE." Such information produced

8  by Non-Parties in connection with this litigation is protected by the remedies and relief provided

9  by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

10  seeking additional protections.

11      (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-

12  Party's confidential information in its possession, and the Party is subject to an agreement with the

13  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

14      1.    promptly notify in writing the Requesting Party and the Non-Party that some

15  or all of the information requested is subject to a confidentiality agreement with a Non- Party;

16      2.    promptly provide the Non-Party with any notice required under the

17  agreement between the Party and Non-Party and/or obtain consent from the Non-Party if such

18  consent is required under that agreement and/or comply with other relevant provisions of the

19  agreement, and provide a copy of the Stipulated Protective Order in this litigation, the relevant

20  discovery request(s), and a reasonably specific description of the information requested to the Non-

21  Party; and

22      3.    make the information requested available for inspection by the Non-Party.

23      (c)    If the Non-Party fails to object or seek a protective order from this court within 14

24  days of receiving the notice and accompanying information, the Receiving Party may produce the

25  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

26  seeks a protective order, the Receiving Party shall not produce any information in its possession or

27  control that is subject to the confidentiality agreement with the Non-Party before a determination

28  by the Court. The purpose of this provision is to alert the interested parties to the existence of

confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court. Absent a court order to the contrary, the Non- Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1    Any production of documents subject to the work product doctrine, the attorney-client privilege, the right of privacy, or any other applicable privilege, shall not constitute a waiver of the protection or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Designating Party discovers such materials have been produced. After notification is received, the Receiving Party shall within 5 business days return to the Designating Party all copies of such documents or destroy them, and shall within 5 business days of notification confirm in writing that all such copies have been returned or destroyed.

12.2.    Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or protection claimed by promptly filing an appropriate motion with the court.

12.3.    The parties agree that, except as provided below, the parties will exchange privilege logs on a mutually agreed-upon date. The parties further agree that attorney-client privileged communications with and work-product materials of Outside Counsel of Record in this Action that (1) relate to this Action and (2) were created on or after January 8, 2018 (the filing date of Level3

and PersonalWeb's first wave of original complaints) are not discoverable and need not be included on a privilege log in this Action.

12.4.   Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. And the mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

**13.   <u>PROSECUTION BAR</u>**

Any individual who reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved, directly or indirectly, in the prosecution of patents or patent applications relating to web caching and storage and retrieval of web content from distributed computing systems, including without limitation the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims.  Notwithstanding the foregoing, the prosecution bar in this section does not preclude an individual from participating in post grant review proceedings including, for example, *inter partes* review proceedings or exparte reexamination proceedings to the extent that individual does not assist, directly or indirectly, in any crafting or amending the patent claims.   This Prosecution Bar shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first reviewed by the affected individual and shall end two (2) years after final termination of this action.

**14.   <u>ACQUISITION BAR</u>**

Absent written consent from the Producing Party, any counsel, expert or consultant who reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information under this Order shall not supervise/assist in the acquisition of patents relating to web caching and storage and retrieval of web content from

distributed computing systems for the purpose of asserting infringement claims against the Producing Party (or any related entity) on behalf of the Receiving Party (or any related entity) for two (2) years after the conclusion of this litigation, including any appeals.

**15.    MISCELLANEOUS**

15.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

15.3    <u>Discovery From Experts</u>.  Consistent with Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4), any draft report or draft declaration in this Action or other cases from any testifying Experts or consultants shall not be discoverable, and notes or outlines for such draft reports or draft declarations are also exempt from discovery. No discovery shall be taken from any Expert or consultant who is not designated under Rule 26(a)(2) or who does not provide a declaration or testimony in the Action other than as provided by Rule 26(b)(4)(D). No conversations or communications between Counsel and any Expert or consultant will be subject to discovery other than as provided in Rule 26(b)(4)(C). Drafts, communications and other information exempt from discovery under this section shall be treated as attorney-work product for the purposes of this Action and Stipulated Protective Order and do not need to be entered on a privilege log. Notwithstanding the foregoing, the parties may seek discovery of fees charged by the Expert and total number of hours worked and compensation received by the Expert. In addition, all materials and information that an Expert considered and/or relied upon in providing a declaration or testimony will be discoverable to the extent provided in Rule 26(b)(4).

15.4    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed

under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

**16.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4 (DURATION), above.

**17.   EXPORT CONTROL**

Absent agreement, a Party's Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Absent agreement, material designated as

1  "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be exported outside the United States

2  or released to any foreign national (even if within the United States), unless the foreign national is

3  (1) a Green Card holder, (2) working in the United States pursuant to a H-1B visa sponsored by the

4  Receiving Party's Outside Counsel of Record, or (3) directly employed by the Receiving Party's

5  Outside Counsel of Record to provide support or legal representation to the firm's clients and who

6  are otherwise unaffiliated with the Receiving Party.

7       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8  Dated: October 31, 2018                    Respectfully submitted,

9                                             FENWICK & WEST LLP

10

11                                            By: /s/ J. David Hadden
                                                  J. David Hadden
                                                  Attorneys for Plaintiffs
12                                                AMAZON.COM, INC. and
                                                  AMAZON WEB SERVICES, INC.
13

14 Dated: October 31, 2018                    Respectfully submitted,

15                                            STUBBS ALDERTON & MARKILES, LLP

16
                                              By: /s/ Michael A. Sherman
17                                                Michael A. Sherman
                                                  Jeffrey F. Gersh
18                                                Sandeep Seth
                                                  Wesley W. Monroe
19                                                Viviana Boero Hedrick
                                                  Stanley H. Thompson, Jr.
20                                                Attorneys for Plaintiffs
                                                  AMAZON.COM, INC. and
21                                                AMAZON WEB SERVICES, INC.

22 Dated: October 31, 2018                    Respectfully submitted,

23                                            MACEIKO IP

24
                                              By: /s/ Theodore S. Maceiko
25                                                Theodore S. Maceiko
                                                  Attorneys for Defendant
26                                                PERSONALWEB TECHNOLOGIES, LLC

27

28

1    Dated: October 31, 2018                    Respectfully submitted,

2                                               DAVID D. WIER

3
                                               By: */s/ David D. Weir*
4                                                   David D. Weir
                                                    Attorneys for Defendant
5                                                   LEVEL 3 COMMUNICATIONS, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[~~PROPOSED~~] ORDER**

2        The parties having agreed to a Stipulated Protective Order governing the treatment of

3   confidential materials in this matter and the inadvertent disclosure of privileged materials,

4   therefore:

5

6   PURSUANT TO STIPULATION, IT IS SO ORDERED.

7

8   Dated: 11/2/2018                                          _Susan van Keulen_

9                                                             _____
                                                              The Honorable Susan van Keulen
10                                                            United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT A</u>**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case *In re Personal Web Technologies, LLC et al., Patent Litigation*, Case No. 5:18-md-02834-BLF (N.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of

[print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:  _____

City and State where sworn and signed: _____

Printed Name: _____
[printed name]

Signature: _____
[signature]