**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC, ET AL. PATENT LITIGATION | Case No. 18-md-02834-BLF |
| | **ORDER DENYING PERSONALWEB'S MOTION FOR ENTRY OF JUDGMENT** |
| AMAZON.COM, INC., et al., | |
| Plaintiffs, | [Re: ECF 538] |
| v. | |
| PERSONAL WEB TECHNOLOGIES, LLC, et al., | Case No. 18-cv-00767-BLF |
| Defendants. | [Re: ECF 152] |

Before the Court is PersonalWeb Technologies, LLC's ("PersonalWeb") motion for final judgment of non-infringement pursuant to Federal Rule of Civil Procedure 54(b). Mot., ECF 538. Defendants Amazon.com Inc. and Amazon Web Services, Inc. (collectively, "Amazon") oppose the motion. Opp'n, ECF 547. In its reply brief, PersonalWeb changes course and asserts that "Rule 54(b) may not technically be the correct rule for this motion" and now seeks to "dismiss this entire action pursuant to Rule 41(a)(2)." Reply at 3-4, ECF 548. Having considered the parties' respective written submissions, the Court finds the matter appropriate for submission without oral argument. Civ. L.R. 7-11(b). The Court therefore VACATES the hearing scheduled for January 23, 2020. For the reasons stated below, the Court DENIES PersonalWeb's motion for entry of judgment.

**I.  BACKGROUND**

The facts of this multidistrict litigation ("MDL") are well known to the parties and the Court need not recite them in detail here. *See In re PersonalWeb Techs., LLC, et al. Patent Litig.*, No. 18-MD-02834-BLF, 2019 WL 1455332, at *1-4 (N.D. Cal. Apr. 2, 2019). In brief, this Court issued

its Claim Construction Order on August 16, 2019. ECF 485. Based on the Court's construction of the disputed terms "unauthorized or unlicensed" and "authorization" PersonalWeb conceded that it cannot meet its burden of proving infringement. Mot. at 2. PersonalWeb argues that entry of final judgment of non-infringement in Amazon's favor "will allow the parties to forego further litigation and conserve judicial resources in this case while preserving PersonalWeb's right to appeal the Court's Claim Construction Order." *Id.*

Amazon opposes for three reasons: (1) Amazon has raised additional non-infringement arguments at summary judgment that are independent from the claim construction issue, (2) PersonalWeb's proposed judgment (non-infringement without prejudice) as to U.S. Patent No. 5,978,791 (the "'791 patent") would give PersonalWeb the opportunity to re-assert the patent, and (3) any appeal in *PersonalWeb Technologies, LLC et al v. Twitch Interactive, Inc.*, No. 5:18-cv-05619-BLF (N.D. Cal.) (the "Twitch Action") will likely present identical claim construction issues and overlapping non-infringement arguments and therefore, motions for summary judgment in both actions should be heard concurrently. Opp'n at 3-4.

PersonalWeb responds that the Court should enter a judgment "to avoid having to work up the entirety of the summary judgment motion based on issues that Amazon had never raised until now—work that will be entirely wasted if Amazon prevails in the appeal on claim construction[.]" Reply at 1, ECF 548. Additionally, PersonalWeb offers to modify its proposed order and final judgment to include a declaratory judgment of noninfringement regarding U.S. Patent No. 7,945,544 (the "'544 patent") and '791 patents. *Id.* As for the Twitch Action, PersonalWeb distinguishes the case that Amazon cites, but fails to provide a counter argument other than "delaying entry of judgment in this action is burdensome on the parties and incongruous with protecting judicial economy." *Id.* at 3. Finally, PersonalWeb abandons Rule 54(b) as the basis for its motion and asks this Court to dismiss "this entire action pursuant to Rule 41(a)(2)." *Id.* at 3-4.

**II. DISCUSSION**

First, the Court addresses PersonalWeb's Rule 41(a)(2) argument—raised for the first time in its reply brief. District courts need not consider arguments raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). It would be unfair to the non-moving party

2

to decide the motion on grounds not raised in the moving papers. *See Estate of Bojcic v. City of San Jose*, No. C05-3877 RS, 2007 WL 3232221, at *1 (N.D. Cal. Oct. 31, 2007). Accordingly, the Court declines to consider PersonalWeb's invitation to dismiss "this entire action," which the Court presumes is meant to include all cases consolidated in this MDL, under Rule 41(a)(2).[1]

As for the substance of PersonalWeb's motion, the Court agrees with Amazon. Amazon has raised additional non-infringement arguments at summary judgment that are independent from the claim construction issue PersonalWeb plans to appeal. At this late stage in the litigation, the Court does not see a valid reason to deprive Amazon of a ruling on its summary judgment motion, which is filed and is scheduled to be heard in two weeks. Amazon is correct in noting that the Federal Circuit can affirm a judgment of non-infringement based on any ground supported by the record, and without a decision from this Court, Amazon will be foreclosed from raising its additional arguments on appeal. *See* Opp'n at 3.

The Court also finds Amazon's argument regarding the Twitch Action persuasive. This MDL includes the Twitch Action, which the Court has designated—as a representative for the numerous customer cases—to proceed along with the Amazon matter. ECF 313. Decoupling these cases at this late stage will be contrary to the efficiencies desired by the parties and the Court throughout this MDL.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES PersonalWeb's motion for entry of judgment of non-infringement.

**IT IS SO ORDERED.**

Dated: October 31, 2019

BETH LABSON FREEMAN
United States District Judge

---

[1] PersonalWeb's choice of Rule 41(a)(2) is puzzling to the Court. Rule 41(a)(2) is invoked "at the plaintiff's request …." Fed. R. Civ. P. 41(a)(2). Amazon (not PersonalWeb) is the plaintiff in this action for declaratory judgment.

3