| | |
|---|---|
| MICHAEL A. SHERMAN (SBN 94783) masherman@stubbsalderton.com | J. DAVID HADDEN (CSB No. 176148) dhadden@fenwick.com |
| JEFFREY F. GERSH (SBN 87124) jgersh@stubbsalderton.com | SAINA S. SHAMILOV (CSB No. 215636) sshamilov@fenwick.com |
| SANDEEP SETH (SBN 195914) sseth@stubbsalderton.com | TODD R. GREGORIAN (CSB No. 236096) tgregorian@fenwick.com |
| WESLEY W. MONROE (SBN 149211) wmonroe@stubbsalderton.com | MELANIE L. MAYER (*pro hac vice*) mmayer@fenwick.com |
| STANLEY H. THOMPSON, JR. (SBN 198825) sthompson@stubbsalderton.com | RAVI R. RANGANATH (CSB No. 272981) rranganath@fenwick.com |
| VIVIANA BOERO HEDRICK (SBN 239359) vhedrick@stubbsalderton.com | CHIEH TUNG (CSB No. 318963) ctung@fenwick.com |
| **STUBBS, ALDERTON & MARKILES, LLP** 15260 Ventura Blvd., 20th Floor Sherman Oaks, CA 91403 Telephone: (818) 444-4500 Facsimile: (818) 444-4520 | FENWICK & WEST LLP Silicon Valley Center 801 California Street Mountain View, CA 94041 Telephone: 650.988.8500 Facsimile: 650.938.5200 |
| **Attorneys for PersonalWeb Technologies, LLC** | Attorneys for Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PERSONAL WEB TECHNOLOGIES, LLC, ET AL., PATENT LITIGATION | **CASE NO.: 5:18-md-02834-BLF** |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., Plaintiffs, v. PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC, Defendants. | **CASE NO.: 5:18-cv-00767-BLF** **CASE NO.: 5:18-cv-05619-BLF** **JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR DEFER CONSIDERATION OF MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS PENDING RESOLUTION OF PERSONALWEB'S APPEALS** |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, Counterclaimants, v. AMAZON.COM, INC. and AMAZON WEB | |

**JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR DEFER CONSIDERATION OF MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS PENDING RESOLUTION OF PERSONALWEB'S APPEALS**

**CASE NO: 5:18-MD-02834-BLF**
**CASE NO: 5:18-CV-00767-BLF**
**CASE NO: 5:18-CV-05619-BLF**

SERVICES, INC.,
        Counterdefendants.

PERSONALWEB TECHNOLOGIES, LLC, a Texas limited liability company, and
LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company
        Plaintiffs,

v.

TWITCH INTERACTIVE, INC. a Delaware corporation,
        Defendant.

       The parties submit the following joint statement regarding PersonalWeb's request to deny or defer consideration of the motion for attorneys' fees and bill of costs of Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon") pending resolution of PersonalWeb's Federal Circuit appeal.

       PersonalWeb submits its request pursuant to the Court's standing invitation regarding case management issues and requests a telephone conference to address the issues set forth herein. (Transcript of Proceedings, February 28, 2019, Dkt. 373 at 79:17-20) ("As always, if issues arise that I can address on case management, please submit a joint statement outlining the issues. I will get you together by phone within a few days and then we can decide what we need to do.");Transcript of Proceedings, November 2, 2018, Dkt. 300 at 32:6-9.)

       Amazon does not oppose PersonalWeb's request for a telephonic case management conference. But, as set forth in the joint statement below, because PersonalWeb seeks *denial* of Amazon's motion for attorneys' fees, or, in the alternative, seeks *affirmative relief* from the Court in the form of a stay of briefing on that motion, PersonalWeb should have raised these issues in its opposition to Amazon's motion, or filed a noticed motion for the relief it seeks.

1

**JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR DEFER CONSIDERATION OF MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS PENDING  RESOLUTION OF PERSONALWEB'S APPEALS**

**CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF**

## PERSONALWEB'S STATEMENT

Plaintiff PersonalWeb Technologies, LLC ("PersonalWeb") hereby requests that the Court, under its inherent authority under Federal Rule of Civil Procedure 54(d), deny Amazon.com, Inc., Amazon Web Services, Inc. and Twitch Interactive, Inc.'s (collectively, "Defendants") Motion for Attorneys' Fees and Bill of Costs ("Motion") (Dkt. 593; 589) ***without prejudice*** with leave to refile it once the Federal Circuit resolves PersonalWeb's appeals on the grounds that the Motion is principally based on substantive issues that are the subject of PersonalWeb's two appeals pending before the Federal Circuit (Dkt. 431, 587) the determination of which will likely affect the Motion.  Alternatively, PersonalWeb requests that the Court stay the briefing and hearing on Defendants' Motion until the appeals are resolved.

The issues on appeal go to the core of Defendants' Motion. Denial without prejudice or a stay of the Motion is appropriate in this situation, because if the Court were to hear the Motion before the Federal Circuit rules on the two pending appeals, the Court, PersonalWeb, and Defendants will spend substantial time, effort, and cost (in the case of the parties) briefing, arguing, hearing, and deciding these issues —effort that will be wasted should the Federal Circuit rule in favor of one or both of PersonalWeb's pending appeals. PersonalWeb is particularly mindful, now more than ever, of the Court's potentially reduced resources and increased demand for its services which further necessitates the requested relief.

PersonalWeb sought to stay Defendants' Motion via stipulation, but Defendants' counsel refused and indicated it would oppose PersonalWeb's request. (**Exhibit A** (Mar. 30 through Apr. 3, 2020 Emails from Gersh to Gregorian).) PersonalWeb could not have raised this issue before Defendants filed their Motion as is dependent on the grounds on which Defendants chose to base their Motion.

District courts have the power and discretion to defer or deny without prejudice a motion for attorney's fees pending resolution of an appeal on the merits. 1993 Advisory Committee Notes to F. R. Civ. P. 54(d) ("If an appeal on the merits of the case is taken, the court may rule on the claim of fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.")

2

JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR STAY
OF MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS
WHILE APPEALS ARE PENDING

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF

Exercising this discretion, California district courts have found it appropriate to deny motions for attorney's fees under 35 U.S.C. § 285 without prejudice while a relevant appeal is pending. *See FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 315CV01879BENBLM, 2018 WL 6830611, at *1 (S.D. Cal. Dec. 21, 2018) (denying § 285 attorney's fee motion without prejudice because it was "apparent that the appellate court's decision could have an impact on this Court's determination of whether this is an 'exceptional' case."); *see also Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067-BEN JLB, 2014 WL 2872219, at *6 (S.D. Cal. June 24, 2014)).

The court in *Pacing Techs.* noted the discretionary nature of deciding attorney's fees motions pending appeal but explained that, "'[p]articularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved.' District courts have exercised their discretion to defer ruling on a motion for attorneys' fees, or to deny the motion without prejudice to being renewed following disposition of the appeal." *Id.* at *4-5 (quoting 1993 Advisory Committee Notes to Rule 58). This is exactly the situation here. The two pending appeals are about precisely the two primary grounds for Defendants' Motion: (1) that PersonalWeb filed the present cases alleging infringement by S3 knowing their claims were precluded by the prior Texas action, Motion at 1-2, 9-10 ("That [(suing Amazon customers' use of S3 to infringe the same patents as in the Texas case)] alone should subject PersonalWeb to a substantial fee award." and (2) that PersonalWeb's substantive infringement case was baseless. Motion at 2, 9-10 ("The [noninfringement] summary judgment order, too, makes clear that PersonalWeb brought baseless claims. [] The Court ruled that each of the remaining three patents was not infringed on multiple distinct grounds, granting Amazon and Twitch's motions as to every specific non-infringement argument raised.")

The four factor test in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), is not applicable because it is directed to the ministerial task of taxing costs. PersonalWeb is not aware of any reported case in which *Hilton's* four factor test has been used regarding staying the much more involved determination of *whether* a case is exceptional under 35 USC §285. *Cf. Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. SACV1700660JVSJCGX, 2018 WL 6016149, at *1 (C.D. Cal. Aug. 13, 2018) (denying a motion to stay determination of the *amount* of attorneys' fees *after* the court had already granted motion a

3
JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR STAY
OF MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS
WHILE APPEALS ARE PENDING

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF

finding the case exceptional under §285.).

Delaying Defendants' Motion pending appeal in this case is particularly compelling because of a change in law that occurred after the first summary judgment ruling. In granting Defendants' motion for summary judgment based on claim preclusion and the *Kessler* doctrine, the Court primarily determined the scope of the Texas action based on the allegations in the complaint rather than the infringement contentions. Dkt. 381 at 17-19. Since the Court's order, the Federal Circuit issued a decision in which they explicitly used the infringement contention rather than the complaint to determine the subject matter of the prior action for claim preclusion purposes. *See Huang v Huawei Technologies Co., Ltd.*, 787 Fed. Appx. 723 (Fed. Cir. Oct. 9. 2019).

Even if the *Huang* decision does not result in an outright reversal, it makes it particularly likely that PersonalWeb's appeal will result in at the very least a change in the basis and "closeness" of the claim preclusion issue. Further, a major argument in Defendants' motion for attorney's fees is that the Hadley declaration was a "sham" because Mr. Hadley's testimony about the subject matter of the Texas action was contradicted by the complaint. Motion at 5:12-15. If the Federal Circuit follows *Huang*, even if PersonalWeb' appeal is not entirely successful, the Court's negative comments regarding the Hadley declaration would be vitiated.

4
JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR STAY
OF MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS
WHILE APPEALS ARE PENDING

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF

## AMAZON'S STATEMENT

PersonalWeb's request to deny or stay Amazon's motion for attorneys' fees at a telephonic Case Management Conference is yet another example of its unreasonable conduct in this case, and only underscores the need to deter PersonalWeb's ongoing abuse of the court system.  The request is frivolous: Judge Davila denied the same request a week ago in PersonalWeb's case pending in his court. PersonalWeb tried the exact same tactic in both cases: it stipulated to brief the fee motion before its appeal; it waited until *after* its opponent had prepared and filed an opening brief; and then it rushed to courthouse to try to delay consideration of the motion for a year to 18 months or even more, pending resolution of its Federal Circuit appeals.  The Court should deny the request.

The great weight of authority—not to mention the express preference of most Courts of Appeal—holds that "the usual course is for the Court to consider attorneys' fees *promptly after the merits decision*."[1] *PersonalWeb Techs., LLC v. EMC Corp.*, No. 5:13-cv-01358-EJD, 2020 WL 1557441, at *1 (N.D. Cal. Apr. 1, 2020) (citations omitted, emphasis added), attached as **Exhibit 1**. Sound policy and judicial efficiency considerations support this rule.  It is important to get a ruling on fees while the district court has the case fresh in mind rather than years later, and the rules seek to have fees appeals resolved contemporaneously with the merits.  *See Spitz Technologies Corp. v. Nobel Biocare USA LLC*, No. SACV 17-00660 JVS (JCGx), 2018 WL 6016149 (C.D. Cal. Aug. 13, 2018) ("[J]udicial economy is better served by determining attorneys' fees promptly while the details of the proceedings are still fresh and when the Federal Circuit has the opportunity to consider any appeal of the calculation at the same time as the appeal on the merits."); *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) (district courts "retains[] the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed . . . . [which] will prevent postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge."); *see also Ng. v. US Bank*, NA,

---

[1] To justify deviation from this general rule, PersonalWeb carries the burden of satisfying four elements: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

5
JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR STAY
OF MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS
WHILE APPEALS ARE PENDING

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF

No. 15-cv-04998-KAW, 2016 WL 6995884 (N.D. Cal. Nov. 30, 2016) (same); Fed. R. Civ. P. 54, advisory committee's note (1993 amendments) ("Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.").

PersonalWeb knows this well from Judge Davila's denial of its identical request in the case before him. *PersonalWeb Techs., LLC*, 2020 WL 1557441, at *1. There, after Judge Davila entered judgment in favor of defendants EMC and VMWare, the parties stipulated to a schedule for briefing the defendants' motion for fees and costs. *Id.* "Rather than following the stipulated briefing schedule," PersonalWeb filed a motion to extend the briefing schedule until after it had exhausted a related Federal Circuit appeal. *Id.* Judge Davila denied the motion, observing: (1) PersonalWeb "made *no* showing that [it is] likely to succeed on appeal" other than conclusory attorney argument; (2) PersonalWeb did not contend that it would be irreparably harmed absent a stay, by, for example, citing evidence that it "ha[d] limited financial resources such that litigating attorneys' fees would be 'overwhelming'"; (3) judicial efficiency concerns supported the *prompt resolution* of the motion rather than further delaying an already prolonged case; and (4) the public interest would be served by "holding parties to their stipulation[]" to brief the attorney fee issue before the appeal. *Id.* at *2. Judge Davila's conclusions apply with equal force here, and each of PersonalWeb's arguments fails.[2]

First, PersonalWeb argues that it is justified in reneging on its agreement to brief Amazon's motion prior to the resolution of its appeals because it "could not have" raised its request to defer consideration of the motion until reviewing Amazon's motion. This is false: the parties expressly discussed the basis for Amazon's motion more than *a month ago*, on March 10, 2020, when the parties met and conferred pursuant to Local Rule 54-5(a). During that conference, Amazon explained that it sought fees because, among other things, PersonalWeb pursued its campaign against 80 Amazon

---

[2] PersonalWeb's unsupported claim that *Hilton* does not apply contradicts Judge Davila's order and those of other courts in this district. *See PersonalWeb Techs., LLC*, 2020 WL 1557441, at *2; *Spitz Techs.*, 2018 WL 6016149, at *2; *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015).

6
JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR STAY
OF MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS
WHILE APPEALS ARE PENDING
CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF

customers despite being precluded from doing so based on its prior failed litigation against Amazon, and PersonalWeb never had a viable claim for infringement against Amazon or its customers. PersonalWeb did not propose that the parties stipulate to defer consideration of Amazon's motion; instead, it negotiated an extended briefing schedule under which it had months to oppose the motion. (Dkts. 582, 590, 592.) Nearly a month after that conference, and weeks after being served with Amazon's motion, PersonalWeb asked not just to defer resolution of its motion indefinitely, but also that Amazon agree to expedited consideration of PersonalWeb's request. In response, Amazon explained—with citation to authority—that there was no basis to defer consideration of the motion. Amazon also provided PersonalWeb with a copy of Judge Davila's order, issued just days before in a related case, explaining that the order foreclosed PersonalWeb's identical request here. (**Exhibit 2** (Apr. 3, 2020 Email from Gregorian to Gersh).)

Second, PersonalWeb is wrong that it is likely to prevail on appeal due to a change in law. In the case cited by PersonalWeb, *Huang v Huawei Technologies Co., Ltd.*, 787 Fed. Appx. 723 (Fed. Cir. 2019), the Federal Circuit—in a *per curiam* decision—affirmed a district court's grant of summary judgment of claim preclusion, determining based in part on a review of claim charts served in the two cases that the cases involved essentially the same accused product. *Id.* at 726. The Federal Circuit did *not* change the law of claim preclusion, nor did it suggest that looking to the complaint allegations in the preclusion analysis would be improper. *See id.* In any event, in this case the Court *did* review the infringement contentions in the Texas case in reaching its conclusion that PersonalWeb asserted the same claims against essentially the same technology. (Dkt. 380 at p. 18 ("Second, PersonalWeb argues that the scope of the Texas Action should be limited to what was included in the infringement contentions, and not the complaint. Trans., ECF No. 376 at 44-45. Even if the Court agreed with PersonalWeb, the Texas infringement contentions included the HTTP GET command, and thus PersonalWeb's argument fails on its own terms.").) PersonalWeb's appeal is unlikely to succeed, and *Huang* does not change that.

Third, PersonalWeb claims a stay would be efficient considering the Court's "potentially reduced resources." This too fails. Though the COVID-19 pandemic has resulted in logistical difficulties with in-person hearings, the Court has continued to resolve substantive motions. *See*

7

JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR STAY
OF MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS
WHILE APPEALS ARE PENDING

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF

General Order 72 ("All civil matters will be decided on the papers, or if the assigned judge believes a hearing is necessary, the hearing will be by telephone or videoconference."); Scheduling Notes for Judge Beth Labson Freeman ("[A]ll civil matters scheduled through May 1, 2020 will be heard telephonically only").  Moreover, denying Amazon's motion without prejudice or deferring consideration of the motion would not conserve party or Court resources, given that PersonalWeb's appeals relate only to the Court's summary judgment orders, while the fee motion covers a variety of litigation misconduct unrelated to the issues on appeal.  Amazon is open to handling the motion, particularly the hearing, in a way the Court deems appropriate in light of the pandemic.  But a request to defer a ruling by *years* is an opportunistic use of the present difficult circumstances.  Finally, Amazon may be substantially prejudiced by the requested delay.  PersonalWeb's patents have long since expired, and by the time both of its merits appeals conclude, PersonalWeb may have wound up its operations and scattered its assets to the wind.  The requested delay appears designed to prevent enforcement of any award that the Court is inclined to enter.

      The Court should deny PersonalWeb's request, and direct PersonalWeb to respond to Amazon's motion under the briefing schedule to which it previously stipulated.

Dated:   April 10, 2020                    STUBBS, ALDERTON & MARKILES, LLP


By: */s/ Michael A. Sherman*
      Michael A. Sherman
      Jeffrey F. Gersh
      Sandeep Seth
      Wesley W. Monroe
      Stanley H. Thompson, Jr.
      Viviana Boero Hedrick

Attorneys for Plaintiffs
PERSONALWEB TECHNOLOGIES, LLC

Dated:   April 10, 2020                    FENWICK & WEST LLP


By: */s/ J. David Hadden*
      J. DAVID HADDEN (CSB No. 176148)
      dhadden@fenwick.com

8
**JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR STAY
OF MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS
WHILE APPEALS ARE PENDING**
**CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF**

| | |
|---|---|
| 1 | SAINA S. SHAMILOV (CSB No. 215636) |
| | sshamilov@fenwick.com |
| 2 | TODD R. GREGORIAN (CSB No. 236096) |
| | tgregorian@fenwick.com |
| 3 | MELANIE L. MAYER (*pro hac vice*) |
| | mmayer@fenwick.com |
| 4 | RAVI R. RANGANATH (CSB No. 272981) |
| | rranganath@fenwick.com |
| 5 | CHIEH TUNG (CSB No. 318963) |
| | ctung@fenwick.com |
| 6 | FENWICK & WEST LLP |
| | Silicon Valley Center |
| 7 | 801 California Street |
| | Mountain View, CA  94041 |
| 8 | Telephone:      650.988.8500 |
| | Facsimile:       650.938.5200 |

Attorneys for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.

JOINT STATEMENT REGARDING PERSONALWEB'S REQUEST TO DENY OR STAY
OF MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS
WHILE APPEALS ARE PENDING

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF