1   MICHAEL A. SHERMAN (SBN 94783)
    masherman@stubbsalderton.com
2   JEFFREY F. GERSH (SBN 87124)
    jgersh@stubbsalderton.com
3   SANDEEP SETH (SBN 195914)
    sseth@ stubbsalderton.com
4   WESLEY W. MONROE (SBN 149211)
    wmonroe@stubbsalderton.com
5   VIVIANA B. HEDRICK (SBN 239359)
    vhedrick@stubbsalderton.com
6   **STUBBS ALDERTON MARKILES, LLP**
    15260 Ventura Boulevard, 20TH Floor
7   Sherman Oaks, CA 91403
    Telephone:    (818) 444-4500
8   Facsimile:    (818) 444-4520

9   Attorneys for **PersonalWeb Technologies, LLC**

10

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15  IN RE PERSONAL WEB TECHNOLOGIES,      **CASE NO.: 5:18-md-02834-BLF**
    LLC, ET AL., PATENT LITIGATION
16
                                          **Case No.: 5:18-cv-00767-BLF**
17  AMAZON.COM, INC. and AMAZON WEB        **Case No.: 5:18-cv-05619-BLF**
    SERVICES, INC.,
18                                         **PERSONALWEB TECHNOLOGIES,**
              Plaintiffs,                  **LLC'S SUPPLEMENTAL BRIEFING**
19                                         **FOR HEARING ON THE**
    v.                                     **DETERMINATION OF THE**
20                                         **REASONABLENESS OF ATTORNEYS'**
    PERSONALWEB TECHNOLOGIES, LLC          **FEES AND COSTS REQUESTED BY**
    and LEVEL 3 COMMUNICATIONS, LLC,       **AMAZON.COM, INC., AMAZON WEB**
21                                         **SERVICES, INC., AND TWITCH**
              Defendants.                  **INTERACTIVE, INC.  AGAINST**
22                                         **PERSONALWEB TECHNOLOGIES, LLC**

23  PERSONALWEB TECHNOLOGIES, LLC
    and LEVEL 3 COMMUNICATIONS, LLC,
24
              Counterclaimants,
25
    v.
26
    AMAZON.COM, INC. and AMAZON WEB
27  SERVICES, INC.,

              Counterdefendants.
28

1    PERSONALWEB TECHNOLOGIES, LLC, a
     Texas limited liability company, and
2    LEVEL 3 COMMUNICATIONS, LLC, a
     Delaware limited liability company
3
                         Plaintiffs,
4
     v.
5
     TWITCH INTERACTIVE, INC. a Delaware
6    corporation,
                         Defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    ## I.    INTRODUCTION

2    Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively,

3    "Amazon") jointly seek $6,100,000.00 in fees for 12,783.2 hours of attorney time and $323,668.06 in

4    non-taxable expenses. (Dkt. 592-7, 589.) While the Court found this case exceptional, it did not do so

5    based on every ground advanced by Amazon in their attorneys' fee motion (Dkt. 593.)  To the contrary,

6    this Court found that seven arguments advanced by Amazon as purported examples of baseless claims

7    and unreasonable conduct did not support a finding of an exceptional case. (Dkt. 636.)

8    Requests for attorney's fees pursuant to Section 285 are governed by the "but for" standard

9    such that Amazon should only recover fees that "would not have been incurred in the absence of the

10   sanctioned conduct." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017*)*. The

11   Court should reduce the fee request of Amazon as set forth herein and the Knapton Declaration to a

12   maximum amount of $1,302,947.86 in fees and, if the Court allows expert and other non-taxable costs,

13   $203,300.10 in costs.

14   ## II.    THE MAJORITY OF THE REQUESTED FEES ARE UNREASONABLE AS THEY
15   BEAR NO RELATION TO THE CLAIM AND CONDUCT FOUND EXCEPTIONAL

16   Amazon bear the burden of documenting appropriate hours expended in the litigation,

17   including submission of supporting evidence. *Welch v. Metro. Life. Ins. Co*., 480 F.3d 942, 948 (9th

18   Cir. 2007). Supreme Court "case law construing what is a 'reasonable' fee applies uniformly to all"

19   federal fee shifting statutes that permit the award of reasonable fees. *City of Burlington v. Dague,* 505

20   U.S. 557, 562 (1992). Federal Circuit precedent controls the calculation of attorneys' fees in patent

21   cases. *Bywaters v. United States*, 670 F.3d 1221, 1227–28 (Fed. Cir. 2012). This court in its discretion

22   can decide both the amount of attorneys' fees as well as "[t]he methodology of assessing a reasonable

23   award under § 285." *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988).

24   Significantly, requests for attorney's fees pursuant to Section § 285 are governed by the 'but

25   for' standard. *Cave Consulting Grp., Inc. v. Truven Health Analytics, Inc.*, 293 F. Supp. 3d 1038,

26   1048-1049 (N.D. Cal. 2018) (finding "the 'but for' standard set forth in *Fox v. Vice*, 563 U.S. 826, 836

27   (2011) applies'" to attorney's fees under Section § 285). "Under the 'but for' standard, '[t]he court's

28   fundamental job is to determine whether a given legal fee...would or would not have been incurred in

1

PERSONALWEB'S BRIEF FOR HEARING ON DETERMINATION
OF REASONABLENESS OF ATTORNEYS' FEES AND COSTS
REQUESTED BY AMAZON/TWITCH AGAINST PERSONALWEB

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-CV-00767-BLF
CASE NO: 5:18-CV-05619-BLF

1  the absence of the sanctioned conduct. The award is the sum total of the fees that, except for the

2  misbehavior, would not have accrued.'" *Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No.

3  315CV01879BENBLM, 2020 WL 5645331, at *5 (S.D. Cal. Sept. 22, 2020) quoting *Goodyear Tire*

4  *& Rubber Co.*, 137 S. Ct. 1178, 1187 (2017).  In *Goodyear*, the Supreme Court observed that it would

5  be wrong for a trial court to grant fees for the "same work that would have been done (for example,

6  the same depositions taken) to contest the *non*-frivolous claims in the suit." *Id.* "Hence the need for a

7  court to establish a causal link between the litigant's misbehavior and legal fees paid by the opposing

8  party." *Id.*

9        There are two means under this "but for" standard for determining the reasonableness of fees.

10  First, the court may conduct an "hour-by-hour analysis of the fee request" and exclude hours for which

11  it would be unreasonable to compensate the prevailing party. Second, "when faced with a massive fee

12  application the district court has the authority to make across-the-board percentage cuts either in the

13  number of hours claimed or in the final lodestar figure." *Gonzalez v. City of Maywood*, 729 F.3d 1196,

14  1202-03 (9th Cir. 2013).

15        As a result, the Court should only award Amazon those attorneys' fees necessary to

16  compensate Amazon for the work it had to perform to address and oppose the specific areas this Court

17  found supported a finding of exceptionality. *In re Rembrandt Techs., LP v. Comcast of Fla./Pa., LP*,

18  899 F.3d 1254, 1279 (Fed. Cir. 2018) (rejecting full fee award because no finding was made that the

19  exceptional misconduct "so severely affected every stage of the litigation that a full award of attorney

20  fees was proper.")

21        **A.  Fees Should Be Recovered Only for the Five Categories of Exceptional Behavior.**

22        In its order, the Court did not find PersonalWeb engaged in such litigation misconduct that was

23  "pervasive enough to infect the entire litigation." *Monolithic Power Systems, Inc. v. O2 Micro Intern,*

24  *Ltd.*, 726 F.3d 1359, 1369. The Court found this case was exceptional based on five specifically

25  enumerated grounds:

26        This case is exceptional because (1) PersonalWeb's infringement
           claims related to Amazon S3 were objectively baseless and not
27        reasonable when brought because they were barred due to a final
           judgment entered in the Texas Action; (2) PersonalWeb frequently
28        changed its infringement positions to overcome the hurdle of the day;
           (3) PersonalWeb unnecessarily prolonged this litigation after claim

2

PERSONALWEB'S BRIEF FOR HEARING ON DETERMINATION
OF REASONABLENESS OF ATTORNEYS' FEES AND COSTS
REQUESTED BY AMAZON/TWITCH AGAINST PERSONALWEB

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO: 5:18-cv-05619-BLF

1    construction foreclosed its infringement theories; (4) PersonalWeb's
2    conduct and positions regarding the customer cases were
     unreasonable; and (5) PersonalWeb submitted declarations that it
3    should have known were not accurate."

4    (Dkt 636, 33:2-3, 6-12.) These five grounds can be combined into three groups (with correlating

5    parenthetical numbers): *First*, "S3 only" issues which include the S3 infringement claims and the

6    declarations opposing the claim preclusion/*Kessler* SJ motion [grounds (1)/(5)]; *Second*, post claim-

7    construction which includes prolonging the litigation after claim construction, and conduct regarding

8    the customer cases [grounds (3)/(4)]; and *Third*, changed infringement positions [ground (2)].

9           The attorneys' fees related to these three groups can be segregated from the other fees. With

10   this in mind, we address each of Amazon's 19 categories of fees, drawn from Dkt. 592-7. As an initial

11   matter, Amazon represented that "Amazon receives certain fee discounts from Fenwick, and Amazon

12   is only requesting fees that it incurred after applying these discounts" (Dkt. 592-1, 5:13-15), yet

13   inexplicably the total amount of fees sought for each category is based on the effective rates for each

14   Fenwick attorney *before* the final discount (Dkt. 592-7) so that PersonalWeb and the Court cannot rely

15   on the purported total fee amount per category. (Knapton Decl., ¶9 to ¶11.) The correct final amount,

16   after applying the discount and the adjusted sums for each category are used herein. (*Id.*, ¶9; Ex. 3.)

17   **1.  Case Management** (2143.3 hours: $1,079,001.52) - **Mostly Exclude.**

18          Amazon has provided no evidence that the vast majority of time spent on "Case Management"

19   would not have otherwise been expended by Amazon since "S3 only" infringement was removed

20   relatively early in the case (before most discovery and claim construction). No "Case Management"

21   fees incurred after the Court's *Kessler* summary judgment order should be awarded, because from that

22   point forward no aspect of the MDL cases focused on "S3 only". Further, most of the fees expended

23   early in the case (*e.g.*, MDL and preliminary injunction) would have been incurred even if the "S3

24   only" infringement was removed, as infringement of the '544 patent was still at issue. Amazon fails

25   to demonstrate which of these fees are attributable to "S3 only" aspects of the case, and in any event,

26   any such fees would have been a miniscule aspect of "case management."

27          Although the time spent on the stayed customer cases was not broken out by Amazon,

28   PersonalWeb alleged "S3 only" infringement against only seven defendants out of the 84 total stayed

1   cases. These seven cases were filed on September 12, 2018 after much of the pre-*Kessler* summary

2   judgment order case management fees were already incurred. Thus, it is unlikely that these filings

3   contributed to any significant attorneys' fees beyond those attributable to the other 77 defendants.

4   Thus, Amazon should be entitled to no more than $269,750.38 in this category. (Knapton Decl. ¶41.)

5   **2.  Multidistrict Litigation** (296.8 hours: $145,613.05) **– Exclude.**

6       Amazon should not receive fees here because the Court held that PersonalWeb's conduct to

7   win centralization was not exceptional since PersonalWeb "did not hide the ball as to Ruby on Rails

8   from the MDL Panel." (Dkt. 636, 16:21-22.)  Equally important, the order nowhere implies that any

9   aspect of centralization was inappropriate; to the contrary, that one set of orders could dispose of 84

10  complaints bespeaks the efficiency of centralization and the antithesis of "exceptionality."

11  **3.  Investigate/Respond to PersonalWeb's Claims** (410.5 hours: $212,047.88)

12      **Mostly Exclude.** Out of the 84 complaints filed by PersonalWeb, only seven solely allege

13  claims of S3 infringement and these were not filed until September 12, 2018. (Dkt. 96-1.) The other

14  complaints contained S3 claims, but they also included claims alleging infringement of the '544 patent

15  or alleged infringement with non-S3 servers. Thus, the majority of hours spent investigating and

16  responding to PersonalWeb's complaints cannot be attributed to the "S3 only" claims, and because

17  Amazon would have incurred most of the fees in this category even if PersonalWeb had not alleged

18  its "S3 only" infringement claims, they should not be included. While Amazon's chart does not

19  provide a breakdown of its investigation and response to the original versus amended complaints, a

20  review of Amazon's invoices reveals Amazon spent 84.4 hours and $41,709.65 in fees

21  investigating/responding to PersonalWeb's "S3 only" claims. (Knapton Decl. ¶ 42.)  The Court should

22  limit Amazon's fee award in this category to no more than $41,709.65. (Knapton Decl., ¶42.)

23  **4.  Declaratory Judgment Complaint** (174.1 hours: $83,411,31) **- Partially Include.**

24      Amazon's DJ complaint sought a declaration of non-infringement partially based on the

25  defense that PersonalWeb's S3 claims were barred by claim preclusion and *Kessler* (5:18-cv-00767

26  ("Amazon Case"), Dkt. 1). But even after the Court found that claim preclusion/*Kessler* applied to S3

27  only infringement claims, that did not fully dispose of Amazon's DJ complaint. Further, Amazon later

28  acknowledged that claim preclusion/*Kessler* never applied to the '544 patent, which was included in

4

1   the DJ complaint. Although apportioning fees in this category between S3 only issues and the other

2   issues raised in the DJ Action would be difficult, PersonalWeb suggests awarding Amazon one-half

3   of the fees in this category, for an award of no more than $41,705.66. (Knapton Decl. ¶48.)

4       **5.   PersonalWeb's Motion to Dismiss** (73.4 hours: $33,813.91) **– Include.**

5       **6.   Motion to Stay** (340.4 hours: $151,668.62) **- Exclude.**

6       Amazon filed identical motions to stay on behalf of 28 of customer defendants. (*See e.g.* 5:18-

7   cv-00176, Dkt. 19.) Amazon argued that the customer cases should be stayed, and the MDL

8   proceedings ceased, so that Amazon's DJ action could be decided first.  (*Id.* at 7.) Because the motions

9   to stay sought to avoid consolidation in the MDL, and the Court held that PersonalWeb's MDL efforts

10  were not unreasonable or baseless, Amazon should not recover its fees for its numerous, identical

11  motions to stay. (Dkt. 636, 16:21-22.) *In re Rembrandt Techs.*, 899 F.3d at 1279-80; *Cave Consulting*

12  *Grp.*, 293 F. Supp. 3d at 1048-1949; *Fox*, 563 U.S. at 836.

13      **7.   Motion for Preliminary Injunction** (454.3 hours: $219,985.69) **- Exclude.**

14      In this motion, Amazon sought to enjoin PersonalWeb from prosecuting its suits against the

15  customer defendants on the ground that "declaratory judgment actions brought by manufacturers must

16  be resolved before duplicative customer suits." (Amazon Case, Dkt. 15-16.) As with the motions to

17  stay, this motion was an attempt to supersede consolidation in the MDL. Indeed, the Court dismissed

18  the motion *sua sponte* after the MDL was granted. (Amazon Case, Dkt. 69.)

19      **8.   Summary Judgment on Claim Preclusion/Kessler** (1,050.3 hours: $592,831.33) **- Include.**

20      **9.   Motion for Judgment on the Pleadings ("MJOP")** (263.9 hours: $147,464.68) - **Exclude.**

21      In its MJOP, Amazon argued PersonalWeb lacked standing to bring its CloudFront

22  infringement claims due to PersonalWeb's contractual obligations with Level 3, and Amazon's

23  contention that PersonalWeb's allegations against Amazon's CloudFront were exclusively in Level

24  3's Field of Use, and not PersonalWeb's. (Dkt. 413 at 4-6; Dkt. 541 at 13-14.) Because the Court

25  denied the entire MJOP, Amazon should not be awarded any fees on its failed motion.  (Dkt. 578, 25:

26  22-23, 26:15-19.) *Chamberlain Group, Inc. v. Techtronic Industries Co., Ltd*., 315 F. Supp. 3d 977,

27  1020 (N.D. Ill. 2018)  (declining to award fees for preliminary injunction motion lost on appeal); *Eli*

28  *Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 771 (S.D. Ind. 2003).

PERSONALWEB'S BRIEF FOR HEARING ON DETERMINATION
OF REASONABLENESS OF ATTORNEYS' FEES AND COSTS
REQUESTED BY AMAZON/TWITCH AGAINST PERSONALWEB

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO: 5:18-cv-05619-BLF

1    **10. Infringement Contentions** (151.7 hours: $72,896.40) - **Exclude.**

2        PersonalWeb's infringement contentions as to S3 and CloudFront were very similar, except

3    some functions performed by S3 were performed by CloudFront instead. As such, any fees Amazon

4    expended analyzing PersonalWeb's infringement contentions relating to S3 applied equally to the

5    S3/CloudFront combination that survived the claim preclusion summary judgment motion.

6    **11. Invalidity Contentions** (329.7 hours: $139,924.68) - **Exclude.**

7        Amazon never argued invalidity in any of their summary judgment motions, did not allege

8    invalidity as an area that should weigh in favor of exceptionality in its Motion, (Dkt. 593) and

9    invalidity was neither related to any specific customer defendant nor "S3 only" specific.

10   **12. Damages Contentions** (22.7 hours: $10,745.50) - **Exclude.**

11       Amazon restricted their damages contentions solely to CloudFront infringement. As the Court

12   did not find PersonalWeb's CloudFront infringement claims were baseless, (Dkt. 636, 15:2-3;14:25-

13   15:1), these fees should not be included as none were caused by claims found exceptional.

14   **13. Claim Construction** (953.9 hours: $520,714.93) - **Exclude.**

15       Amazon should not receive any of these fees because the Court did not find that the

16   constructions advanced by PersonalWeb were baseless or presented in an unreasonable manner. (Dkt.

17   636, 14:13-22.) The Court held that PersonalWeb's proffered constructions were "not unreasonable"

18   and the merit of PersonalWeb's infringement positions were "not clear until *after* this Court issued its

19   Claim Construction Order." *Id.* (emphasis added).

20   **14. Fact Discovery** (2,753.4 hours: $1,331,489.17) - **Mostly Exclude.**

21       After the March 13, 2019 order granting in part Amazon's motion for summary judgment on

22   claim preclusion/*Kessler,* fact discovery did not relate to S3, and instead was limited to PersonalWeb's

23   other "reasonable infringement arguments." (*Id.*, 14:25-15:3.) Thus, while fees sought in this category

24   from the beginning of the case through March 13, 2019 could be awarded to Amazon, all fees in this

25   category after March 13, 2019 should be denied. Amazon would be entitled to no more than

26   $332,872.29 in this category. (Knapton Decl. ¶¶ 44, 48.) This amount should be reduced further due

27   to unreasonable billing practices discussed below.

28   **15. Discovery Disputes/Motions to Compel** (554.3 hours: $307,874.85) - **Mostly Exclude.**

PERSONALWEB'S BRIEF FOR HEARING ON DETERMINATION
OF REASONABLENESS OF ATTORNEYS' FEES AND COSTS
REQUESTED BY AMAZON/TWITCH AGAINST PERSONALWEB

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO: 5:18-cv-05619-BLF

1   The fees in this category should be handled the same as those in the Fact Discovery category—

2   fees from the beginning of the case through March 13, 2019 may be included, but fees in this category

3   after March 13, 2019 should be excluded, resulting in an award to Amazon of no more than $76,969.71

4   in this category. (Knapton Decl. ¶ 45.) This amount should be reduced further by 21% to 25% due to

5   unreasonable billing practices discussed below (*See* section III below.)

6   **16. Expert Discovery** (1,593.1 hours: $687,311.13) **- Partially Include.**

7   The Court found that it was "improper for Mr. de la Iglesia to 'interpret' the Court's

8   construction and apply his 'interpretation' to the infringement analysis." (Dkt. 636, 21:6-7.) As such,

9   Amazon may be entitled to certain attorneys' fees incurred relating to Mr. de la Iglesia's expert report

10  and more specifically, to those fees incurred rebutting Mr. de la Iglesia's report.  Thus, as a threshold

11  issue, only fees in this category incurred after August 23, 2019, when Mr. de la Iglesia's report was

12  served, should be considered.  Further, because Amazon redacted information from their invoices (*see*

13  *e.g.,* Dkt. 592-5 at p. 474, 510, 513) regarding fees incurred for certain experts, it is impossible to

14  ascertain which expert that work product pertains to. Amazon should not be awarded fees for work

15  done researching and investigating the qualifications of their own experts, preparing their declarations

16  and reports, or analyzing the reports of PersonalWeb's other experts and rebutting their contents;

17  instead, they should only receive fees relating to the preparation and creation of their rebuttal report

18  to Mr. de la Iglesia's report.

19  Additionally, while attorney time spent in this category associated with responding to Mr. de

20  la Iglesia's report is compensable, expert fees are only allowable if there is "fraud on the court or abuse

21  of judicial process" which the Court did not find occurred here. *Amsted Ind. v. Buckeye Steel Castings*

22  *Co.*, 23 F.3d 374, 379 (Fed. Cir. 1994); *see also Straight Path IP Grp., Inc. v. Cisco Sys., Inc*., No. C

23  16-03463 WHA, 2020 WL 5522993 *2 (N.D. Cal. Mar. 4, 2020), report and recommendation adopted,

24  No. C 16-03463 WHA, 2020 WL 2539002 (N.D. Cal. May 19, 2020). ("The Federal Circuit has read

25  this language to exclude expert costs.") In *Amsted Industries,* the court held that "an award under

26  section 285 encompasses only attorney's fees; expert witness fees fall under 28 U.S.C. § 1920, subject

27  to the 28 U.S.C. § 1821(b) limitation." *Amsted Ind.*, 23 F.3d at 377. Thus, Amazon cannot recover

28  expert costs here so any costs in this category must be excluded.

PERSONALWEB'S BRIEF FOR HEARING ON DETERMINATION
OF REASONABLENESS OF ATTORNEYS' FEES AND COSTS
REQUESTED BY AMAZON/TWITCH AGAINST PERSONALWEB

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO: 5:18-cv-05619-BLF

1    The Court should only award fees and costs incurred after Mr. de la Iglesia's August 23, 2019

2    report and which relate to investigating and rebutting his report, excluding any expert witness fees

3    resulting in an award of no greater than $102,275.85 in fees and $203,300.10 in costs. (Knapton Decl.

4    ¶¶ 46, 56.)

5    **17. Summary Judgment for Non-Infringement** (370.1 hours: $213,777.16) **- Partially include.**

6    Amazon should not be granted any fees associated with the new grounds of non-infringement

7    as the Court recognized that Amazon "sought a finding of non-infringement as to all the grounds raised

8    in their motions" so that "the prolongation of the case at that stage did not rest solely on PersonalWeb's

9    shoulders." (Dkt. 636, 22:10-17.) Since "[t]he fees associated with those independent grounds cannot

10   fairly be attributed to PersonalWeb's conduct," (*Id.*, 23:2-4) the fee award should be no more than

11   $160,332.87. (Knapton Decl. ¶47.)

12   **18. PersonalWeb's Rule 54(b) Motion** (25.8 hours: $13,705.99) – **Exclude.**

13   PersonalWeb offered to have judgment entered against it, but Amazon declined because it

14   wanted to obtain judgment of non-infringement on additional grounds.  PersonalWeb should not have

15   to reimburse Amazon for its fees incurred in doing so, since "[t]he fees associated with those

16   independent grounds cannot fairly be attributed to PersonalWeb's conduct." (Dkt. 636, 23:3-5.)

17   **19. Federal Circuit Appeal** (271.1 hours: $135,720.79) **- Exclude/Postpone.**

18   This appeal is still pending as PersonalWeb's petition for an *en banc* review remains pending.

19   (Case No 19-1918, Dkt. 125.) Determination of fees for this category should be postponed until the

20   appeal has concluded. As is consistent with the approach this Court has previously taken regarding

21   appellate fees sought for appeals not yet finalized, the Court should not award Amazon fees related to

22   the appeal. *See Phigenix, Inc. v. Genentech Inc.*, No. 15-CV-01238-BLF, 2019 WL 2579260, at *18

23   (declining to award appellate fees because it was possible Phigenix would win on appeal, abrogating

24   Genentech's status as the prevailing party).

25   **III.    DUE TO UNREASONABLE BILLING, A 50% to 75% CUT TO THE FEES AND**
         **COSTS FOR CASE MANAGEMENT AND FACT DISCOVERY IS WARRANTED.**
26

27   Within the five categories found to be exceptional, Amazon seeks an unreasonable amount of

28   attorneys' fees and costs to train mid-level and junior attorneys, multiple attorneys' attendance at

depositions, the attendance of numerous attorneys at the same internal meetings, and discovery work performed by partners that could have been performed by associates. (Knapton Decl., at ¶ 49.) This Court should exclude hours that are excessive, redundant, or unnecessary. *Hensley v. Eckerhart,* 461 U.S. 424, 433-34; 437 & n.12 (1983). In analyzing the fee request, "[t]he Court cannot 'uncritically' accept the representations of hours expended; rather, the Court must assess their reasonableness." *Gonzales v. City of San Jose*, No. 13-cv-00695-BLF, 2016 WL 3011791, at *5 (N.D. Cal. May 26, 2016) (*citing Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984)).

**Top-heavy billing:** Amazon's Fact Discovery category shows an unreasonable division of labor between senior- and junior-level attorneys. (Knapton Decl., ¶52.); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 627 (6th Cir. 2004) (reducing lodestar amount by 25% "to account for 'top-heavy' billing by partners for work that could have been performed by associates"); *Hernandez v. Taqueria El Grullense*, No. 12-cv-03257-WHO, 2014 WL 2611214, at *2-3 (N.D. Cal. June 11, 2014). The court should thus reduce the total $223,510.68 in fees attributed to Fact Discovery work performed by partners Melanie Mayer and Saina Shamilov by 50% from $223,510.68   to $111,755.34 for the two of them. (Knapton Decl., ¶52.)

**Overstaffing:** Amazon seeks $1,331,489.17 spent for four partners and more than eight associates to take and defend depositions together, a number derived from Amazon's general "Fact Discovery" category. (Knapton Decl., ¶44.) This amount of hours is excessive and duplicative for overstaffing. Specifically, it is excessive to have two (or more) attorneys attend the same deposition where only one attorney was handling the deposition. *Rosenfeld v. U.S. Dep't of Justice*, 903 F. Supp. 2d 859, 879 (N.D. Cal. 2012) The Court may reduce the fee amount if the fee request shows unnecessary duplication of effort. *Chang v. County of Santa Clara*, No. 5:15-cv-02502-RMW, 2016 WL 6162460, at *9 (N.D. Cal. Oct. 24, 2016). As such, the Court should reduce the fees requested for Depositions by 75%, to account for excessive, duplicative, or irrelevant time. Amazon should be entitled to no more than $332,872.29 for Fact Discovery. (Knapton Decl. ¶44.)

**Numerous attorneys at the same meetings:** Amazon's invoices reveal that they seek $1,441,880.00 for 1,860.3 hours spent on internal meetings, notes and calls. (Knapton Decl. ¶38.) Amazon's own bills demonstrate that each attorney on the reduced team—a total of 16 timekeepers

PERSONALWEB'S BRIEF FOR HEARING ON DETERMINATION OF REASONABLENESS OF ATTORNEYS' FEES AND COSTS REQUESTED BY AMAZON/TWITCH AGAINST PERSONALWEB

CASE NO: 5:18-MD-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO: 5:18-cv-05619-BLF

1  billed for his/her attendance at conferences, even though "good billing judgment" says you should not

2  bill for every attorney present on calls and meetings. *Phigenix, Inc.* 2019 WL 2579260, at *16 citing

3  *Our Children's Earth Found. v. U.S. Envtl. Prot. Agency*, No. 13-CV-02857-JSW, 2016 WL 1165214,

4  at *9 (N.D. Cal. Mar. 25, 2016) (reducing requested fees by 25% for internal conferences); *S. Yuba*

5  *River Citizens League & Friends of River v. Nat'l Marine Fisheries Serv.*, No. CIV. S-06-2845-LKK,

6  2012 WL 1038131, at *5 (E.D. Cal. Mar. 27, 2012), *aff'd* 581 F. App'x 693 (9th Cir. 2014) (reducing

7  request by 20% in part because each attorney present billed for internal conferences). Indeed, on the

8  days marked with a "T" in Knapton's Exhibit 2, Amazon billed for attendance of up to 17 timekeepers

9  on conference calls and meetings. Where, as here, Amazon's counsel billed a copious amount of hours

10  for the attendance by numerous attorneys for the same conferences, a reduction is justified. *Arnold v.*

11  *Pfizer, Inc.*, No. 3:10-cv-01025-AC, 2015 WL 4603326, at *8 (D. Or. July 29, 2015) (reducing fees

12  for duplicated efforts in conferencing). Since Amazon's requested hours for meetings/calls is

13  unreasonably duplicative, the Court should apply a 75% reduction so Amazon would be entitled to no

14  more than $269,750.38 for Case Management. (Knapton Decl. ¶ 41.)

15  **IV.    No Fees Should be Granted for the Motion for Attorney Fees and Costs.**

16  Amazon also request the Court award them the approximate $450,000 in fees they claim they

17  incurred between March 2020 and June 24, 2020 (Dkt. 592-1, ¶ 21). The Court should exclude this

18  entire amount for two reasons. First, "fees on fees are deemed 'excludable'" and "no award of fees is

19  'automatic.'" *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 518 (Fed. Cir. 2014)

20  (quoting *Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995). Granting fees for work spent to

21  prepare a motion seeking fees is excessive as it only serves to punish PersonalWeb twice.  Second,

22  Amazon have not submitted proof to substantiate the actual amounts incurred.

23  **V.    CONCLUSION**

24  Based on the foregoing, PersonalWeb respectfully requests the Court only grant Amazon fees

25  for work relating to the five categories that led the Court to find this case exceptional, and within those

26  categories, only for work that was reasonably billed, for a total attorneys' fee award not to exceed

27  $1,302,947.86 and for costs not to exceed $203,300.10. (Knapton Decl. ¶¶ 55-56.)

28

PERSONALWEB'S BRIEF FOR HEARING ON DETERMINATION OF REASONABLENESS OF ATTORNEYS' FEES AND COSTS REQUESTED BY AMAZON/TWITCH AGAINST PERSONALWEB

CASE NO: 5:18-MD-02834-BLF CASE NO: 5:18-cv-00767-BLF CASE NO: 5:18-cv-05619-BLF

1   Dated:   October 30, 2020                    STUBBS, ALDERTON & MARKILES, LLP

2

3                                                By: */s/ Michael A. Sherman*
                                                     Michael A. Sherman

4                                                Attorneys for PERSONALWEB
                                                 TECHNOLOGIES, LLC
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28