1  MICHAEL A. SHERMAN (SBN 94783)
   masherman@stubbsalderton.com
2  JEFFREY F. GERSH (SBN 87124)
   jgersh@stubbsalderton.com
3  WESLEY W. MONROE (SBN 149211)
   wmonroe@stubbsalderton.com
4  VIVIANA BOERO HEDRICK (SBN 239359)
   vhedrick@stubbsalderton.com
5  **STUBBS ALDERTON & MARKILES, LLP**
   15260 Ventura Blvd., 20th Floor
6  Sherman Oaks, CA 91403
   Telephone:    (818) 444-4500
7  Facsimile:    (818) 444-4520

8  Attorneys for PERSONALWEB
   TECHNOLOGIES, LLC
9  (Excluding Post Judgment Debtor
   Collection Proceedings)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PERSONAL WEB TECHNOLOGIES, LLC, ET., AL., PATENT LITIGATION | **CASE NO.: 5:18-md-02834-BLF**<br><br>Case No.: 5:18-cv-00767-BLF<br><br>Case No.: 5:18-cv-05619-BLF<br><br>**NOTICE OF MOTION AND MOTION OF STUBBS ALDERTON & MARKILES AND THEODORE ("TED") MACEIKO TO WITHDRAW AS COUNSEL FOR PERSONALWEB TECHNOLOGIES, LLC PURSUANT TO CLIENT INSTRUCTION**<br><br>**DECLARATIONS OF JEFFREY F. GERSH AND MICHAEL A. SHERMAN FILED IN SUPPORT; [PROPOSED] ORDER**<br><br>Hearing: __July 1, 2021_<br>Time:       9:00 a.m.<br>Judge:      Hon. Beth Labson Freeman |
| AMAZON.COM, INC. and AMAZON WEB SERVICE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PERSONALWEB TECHNOLOGIES, LLC, et al.,<br><br>Defendants. | |
| PERSONALWEB TECHNOLOGIES, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TWITCH INTERACTIVE, INC.,<br><br>Defendant. | |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Beth Labson Freeman, Courtroom 3, 5th Floor, of the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California 95113, Stubbs Alderton & Markiles, LLP and Theodore ("Ted") Maceiko of Maceiko IP (collectively, "SAM"), will and hereby does move the Court, pursuant to Civil Local Rule 11-5(a) and in compliance with California Rule of Professional Conduct 1.16, to withdraw as counsel for PersonalWeb Technologies, LLC ("PersonalWeb") as a result of having been terminated from representing PersonalWeb in any matters in connection with the within action other than the pending appeals. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declarations of Jeffrey F. Gersh and Michael A. Sherman, all the pleadings and records on file in this action, and any further argument or evidence as may be presented at or before the hearing on this matter, should the Court choose to hold a hearing.

Respectfully submitted,

Dated: May 25, 2021            STUBBS, ALDERTON & MARKILES, LLP

By: /s/ Michael A. Sherman
        Michael A. Sherman
        Jeffrey F. Gersh
        Wesley W. Monroe
        Viviana Boero Hedrick
        Sandeep Seth

        Attorneys for PERSONALWEB
        TECHNOLOGIES, LLC
        (Excluding Post Judgment Debtor
        Collection Proceedings)

1  Dated:   May 25, 2021                         MACEIKO IP

2                                              By: /s/ Theodore S. Maceiko
3                                                   Theodore S. Maceiko (SBN 150211)
                                                    ted@maceikoip.com
4                                                   MACEIKO IP
                                                    420 2nd Street
5                                                   Manhattan Beach, California 90266
                                                    Telephone:      (310) 545-3311
6                                                   Facsimile:       (310) 545-3344
                                                    Attorneys for PERSONALWEB
7                                                   TECHNOLOGIES, LLC,

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO                    CASE NO: 5:18-md-02834-BLF
WITHDRAW AS COUNSEL OF RECORD                     CASE NO: 5:18-cv-00767-BLF
PURSUANT TO CLIENT INSTRUCTION                    CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Civil Local Rule 11-5, SAM seeks to withdraw as counsel of record for PersonalWeb at the request of its client in this closed case, as PersonalWeb has discharged SAM as its counsel in the proceedings before this Court and has retained other counsel, Ronald Richards, to represent it in the post judgment collection proceedings brought by Amazon and Twitch (collectively "Amazon"). Mr. Richards has specifically advised SAM that it is not authorized to do any work in connection with such post judgment collection proceedings on behalf of PersonalWeb, which is all that remains before this trial court. SAM remains counsel for PersonalWeb in the pending appeals only. As PersonalWeb has terminated SAM's representation of it as its counsel in this case, SAM cannot continue to remain as counsel of record for PersonalWeb. SAM has provided written notice of its intent to withdraw as counsel to all parties who have appeared in this case.

SAM previously filed a motion to withdraw on May 12, 2021 (Dkt. 674) but later withdrew it (Dkt. 684) and thereafter PersonalWeb filed a consent motion to substitute PersonalWeb, *in pro per*, in place of SAM (Dkt. 679) as a result of the Court's suggestion at the case management conference on May 13, 2021 that *in pro per* substitution by PersonalWeb was permissible because PersonalWeb did not need counsel other than to appear in court. (Gersh Decl., Ex. C, CMC Hearing Transcript, at 10:23-25; 16:20-23) ("You know a party -- a debtor doesn't have to have a lawyer. They could be representing themselves."; "And, you know, if PersonalWeb wants your firm clearly out of the way on this issue, then it will appear and file a substitution signed by PersonalWeb, and signed by you. There's a really streamlined way to do it.") However, on May 19, 2021, the Court denied the motion to substitute. (Dkt. 685 ("While the Court may have suggested at the recent case management conference that this [*in pro* per] substitution was permissible, a more searching review of civil procedure indicates otherwise. A corporation or other artificial entity must be represented by licensed counsel.") As a result, SAM hereby refiles this motion to withdraw as counsel (with additional authorities) and respectfully requests that the Court issue an order granting withdrawal.

3

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

## II. LEGAL ARGUMENT

Civil Local Rule 11-5(a) permits withdrawal of counsel by "order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Pursuant to the California Rules of Professional Conduct, Rule 1.16(a)(4), an attorney "shall withdraw" where the client discharges the lawyer or otherwise terminates the representation.

"It is axiomatic that an attorney cannot continue to represent a client in a lawsuit in contravention of that client's explicit instruction to the contrary." *Trulis v. Barton*, 107 F.3d 685,693 (9th Cir. 1995). Under California law, a client's right to discharge its counsel "is absolute." *Fracases v. Brent*, 6 Cal. 3d 784, 790, 100 Cal. Rptr. 385, 494 P.2d 9 (1972); *accord Federal Sav. and Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395, 395–396 (9th Cir. 1988) ("the law of California [] holds that a client's power to discharge an attorney, with or without cause, "is absolute") and *Heller Ehrman LLP v. Davis, Wright, Tremaine, LLP*, 527 B.R. 24, 31 (N.D. Cal. 2014) ("It has long been recognized in California that the client's power to discharge an attorney, with or without cause, is absolute."); *see also Shuang Zhang v. Parfet*, No. 16-CV-04333-LHK, 2017 WL 1739163, at *2 (N.D. Cal. May 4, 2017) (granting withdrawal of counsel where representation terminated by the client).

Indeed, acknowledging that under California law, a client's right to no longer be represented by its counsel of record "is absolute", this Court granted a motion to withdraw as counsel where counsel was terminated by its entity client, even though (1) the entity client had not retained new counsel nor had its new counsel entered an appearance on its behalf, and (2) despite recognizing that an entity may not appear *pro se* in any action. *See Senah, Inc v. Xi'an Forstar S&t Co, Ltd*, No. 13-CV-04254-BLF, 2016 WL 3092099, at *1 (N.D. Cal. June 2, 2016) (granting entry of default judgment even though the entity defendant did not have any counsel of record after "[u]nexpectedly, Defendant's counsel sought to withdraw after being terminated by Defendant, which the Court allowed....The Court issued several orders to Defendant explaining that withdrawing from this litigation [and not obtaining new counsel] could result in default judgment being entered against it....Having satisfied itself that Defendant was fully advised of the consequences of its actions, the Court proceeded with the case.") and *see also* No. 13-CV-04254-BLF, Dkt. 133 (Order Granting Emergency Motion to Withdraw as Counsel for Defendant Xi'an Forstar S&T Co., Ltd. Pursuant to Client Instruction.)

4

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

Other courts in this district have likewise granted motions to withdraw as counsel where the entity client has terminated its counsel or otherwise indicated that its counsel is not authorized to do any work on the case *and* the entity was not represented by licensed counsel nor had substitute counsel enter an appearance, despite the fact that a corporation may only appear in the federal courts through licensed counsel. *See Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, No. 09-CV-03529 JSW (NC), 2013 WL 12173032, at *2 (N.D. Cal. July 8, 2013) (Granting Arent Fox LLP's motion to withdraw where its entity client requested that counsel "cease all legal work and withdraw as counsel in this action" even though the client did not have new counsel of record nor had retained new counsel); *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.,* No. C 04-1249 VRW, 2008 WL 2790200, at *5 (N.D. Cal. July 17, 2008) ("An attorney may be allowed to withdraw without offending the rule against corporate self-representation. The effect of withdrawal is to leave the corporation without representation and without the ability to practice self-representation. For the uncooperative corporate client who has not been willing to bring in new counsel, granting of the withdrawal motion will put extreme pressure on it to obtain new counsel of record for should it fail to do so it risks forfeiture of its rights through nonrepresentation.") *citing Ferruzzo v. C & D Enterprises, Inc.*, 104 Cal.App.3d 501, 504, 163 Cal.Rptr. 573 (Cal.App.1980).

Here, SAM must be permitted to withdraw because PersonalWeb (i) does not wish for SAM to represent it in post judgment collection proceedings (which is all that remains in this case), (ii) has discharged SAM as its counsel in any further proceedings in this action before this Court, and (iii) has retained other counsel to represent it in the post judgment collection proceedings. (Gersh Decl., ¶ 2.) (As PersonalWeb has terminated SAM's representation in this case, SAM only remains as counsel for PersonalWeb at this time in connection with the pending appeals in the United States Court of Appeals for the Federal Circuit, Case Nos. 19-1918, 20-1566, 21-1858, and the Petition for a Writ of Certiorari pending in the United States Supreme Court, Case No. 20-1394). (Gersh Decl., ¶¶ 2, 3.)

Moreover, unlike the entity clients in *Senah, Louisiana Pac., and Vedatech,* where the entity clients did *not* have new counsel, PersonalWeb has engaged Ronald Richards of the Law Offices of Ronald Richards and Associates, APC to represent it in all post judgment collection proceedings. (Gersh Decl., ¶ 4, Ex. A.) Indeed, Mr. Richards, in his capacity as counsel retained by PersonalWeb

5

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

to represent it in any and all post judgment collection proceedings, sent an email communication to SAM attorneys expressly informing them that SAM is "not authorized to do anything post judgment" and that SAM "is only engaged for the appeal." (*Id.*, Ex. B.) Where the client itself requests that its counsel cease representing it, withdrawal is appropriate and necessary. *Trulis*, 107 F.3d at 693; *Fracases*, 6 Cal. 3d at 790; *Senah*, 2016 WL 3092099, at * 1; *Louisiana Pac. Corp.,* 2013 WL 12173032, at *2; *Bragel Int'l Inc. v. Stickeebra*, 2018 WL 8244001, at *2 (C.D. Cal. Aug. 15, 2018).

At the CMC, Todd Gregorian, Amazon's counsel, indicated to the Court that Amazon intends to oppose this motion, without giving any reason for doing so. (Ex. C, CMC Transcript, at 18:21.) Since then, SAM attorney Michael A. Sherman has asked Mr. Gregorian "the basis on which you will be opposing a motion to withdraw when the client has told you through his new attorney he has engaged other counsel and we have no authority to act?  Please send me whatever authority you have to support your position." (Sherman Decl., ¶ 2 and Ex. D (May 19, 2020 email from Michael A. Sherman to Todd Gregorian).) In response, Mr. Gregorian made a general reference to the authorities cited by this Court (presumably pertaining to the inability of an entity to represent itself in Federal Court), and hinted at the existence of unspecified 9th Circuit authority which prohibits attorneys to withdraw where it would "delay or impair judgment enforcement", without providing any specifics as to the circumstances in which such a ruling was made. (Sherman Decl., ¶ 3 and Ex. E.) While these general statements do not clarify the legal merits of Amazon's opposition, presumably Amazon will attempt to argue that it will somehow be prejudiced by SAM's withdrawal as counsel of record or that the withdrawal will delay resolution of this case or otherwise harm it. However, none of those concerns exist here.

First, as is discussed in detail above*,* PersonalWeb has retained Mr. Richards as its counsel for post judgment collection proceedings, and Mr. Richards (in addition to the client itself) has explicitly directed SAM to not take any action post judgment and thus do no work on this case because SAM is not retained as counsel for any post judgment matters. Second, as this case is closed and terminated, there is no risk that withdrawal will "delay resolution of the case" since judgment has been entered and the case, resolved. Lastly, Amazon may argue that it will be prejudiced by the withdrawal, or that the withdrawal will harm the administration of justice by somehow affecting Amazon's right to

6

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

enforce its judgment if SAM does not remain counsel of record. Such a position is without basis. Amazon may proceed to obtain judgment debtor discovery as provided in controlling California law regardless of whether SAM remains counsel of record in this case. The Court has already acknowledged that it does not have authority to order a judgment debtor examination and terminated its order authorizing same because it was misled as to the fact that PersonalWeb is located in Texas, more than 150 miles from the San Jose courthouse (Ex. C, 3:8-23.) The Court even directed Mr. Gregorian to domesticate the judgment in Texas where PersonalWeb is located, and as of the filing of this motion, it is unknown if Amazon has done that. As such, forcing SAM to remain in this case (given PersonalWeb's retention of other counsel to represent it in these post judgment matters, and given its discharge of SAM as its counsel *and* explicit instruction to not do anything in connection therewith), will not facilitate Amazon's attempt to conduct a judgment debtor exam of PersonalWeb or seek post judgment collection discovery, because Amazon cannot serve a valid judgment debtor exam order based on the California judgment on PersonalWeb or SAM in California anyway. *See* Cal. Civ. Proc. §§ 708.160 and 708.010 et seq. And, whatever theoretical and/or ambiguous "prejudice" Amazon might attempt to identify, requiring counsel to continue to represent a client in the face of the explicit instructions to the contrary by the client, is improper. *Trulis*, 107 F.3d at 693; *Fracases*, 6 Cal. 3d at 790.

Similarly, Amazon's desire to obtain written discovery into the finances and assets of PersonalWeb as a judgment debtor does not justify keeping SAM in this case as counsel of record. Amazon can serve PersonalWeb with such discovery via PersonalWeb's registered agent, as Amazon has seemingly already done before. (*See* Dkt. 670.) And should Amazon's counsel deem it necessary to speak to an attorney, versus a client representative of PersonalWeb, it can contact Mr. Richards who has already advised Amazon's counsel in writing that it represents PersonalWeb in post-judgment collection proceedings. (*See* Ex. B.) That Mr. Richards has not entered an appearance in this case does not prevent Amazon from contacting him. Indeed, Amazon already mailed its written judgment debtor collection discovery to Mr. Richards (Dkt. 668), and Mr. Gregorian has communicated with Mr. Richards via email (Dkt. 671-9), although Mr. Gregorian has refused to speak with Mr. Richards, despite Mr. Richard's offer to do so, to discuss post judgment debtor collection issues. (Dkt. 673-5.)

7

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

1  Accordingly, whatever challenges Amazon may experience in judgment enforcement efforts are
2  challenges that do not credibly rise to the level of "prejudice", and are challenges that Amazon is
3  seemingly interested in inflicting upon itself for what appears to be the sole purpose of "forcing" SAM
4  to stay in the case through fabricated "prejudice". There will be no harm caused to the administration
5  of justice if the Court grants this Motion.

6  Importantly, this district has granted motions to withdraw as counsel where the client instructed
7  counsel to do no further work in the case, even though the opposing party in the case opposed the
8  withdrawal motion. In *Optrics Inc. v. Barracuda Networks Inc.*, 2020 WL 1815690, at *1-2 (N.D.
9  Cal. Feb. 28, 2020), defendant Barracuda opposed a motion to withdraw as counsel because such a
10 "late withdrawal would delay **resolution of the case** and prejudice Barracuda" where Barracuda's
11 counterclaims were still unresolved (emphasis added). The court disagreed, and granted the motion to
12 withdraw. (*Id.*) In so holding, the court explained that plaintiff's counsel "must be allowed to
13 withdraw" even though Barracuda characterized the motion to withdraw as "a last-ditch effort by
14 Optrics and counsel to avoid responsibility for their abuses of the discovery process", and the motion
15 to withdraw was filed shortly after "a long-anticipated motion for sanctions against both Optrics and
16 the movants", because the right to discharge one's attorney "is absolute." (*Id.*)

17 Like the plaintiff in *Optrics*, PersonalWeb has discharged SAM as its counsel of record in this
18 action because it does not wish for SAM to represent it in post judgment collection proceedings, which
19 is all that remains in this case. But unlike the plaintiff in *Optrics*, no claims or counterclaims remain
20 unresolved in this case, and no "long-anticipated" discovery abuse motions are pending. And yet, even
21 in a case where judgment was still not entered and discovery disputes relating to the claims in the
22 underlying action (and not judgment debtor collection discovery) were abundant, a motion to withdraw
23 was properly granted. (*Id.*)

24 *Optrics* is instructive, and supports the Court granting this motion to withdraw. PersonalWeb's
25 right to discharge SAM as its counsel is absolute. Amazon cannot dictate who PersonalWeb choses to
26 represent it. That Amazon wants to collect on its judgment does not require PersonalWeb to forego its
27 choice of counsel, nor SAM to remain counsel of record where its own client has discharged it.
28 Amazon will not suffer any prejudice by the Court allowing SAM to withdraw, because Amazon can

8
NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
PURSUANT TO CLIENT INSTRUCTION

CASE NO: 5:18-md-02834-BLF
CASE NO: 5:18-cv-00767-BLF
CASE NO.: 5:18-cv-05619-BLF

4838-3604-8523, V. 2

proceed with its post judgment collection efforts in Texas, can proceed to enforce orders by service directly on PersonalWeb's agent for service of process, and can chose at any time to pick up the phone and call Mr. Richards, who has already indicated a willingness to speak with Amazon's counsel regarding these and other issues.

Instead, Amazon continues to try to force SAM's continued participation in this case by having filed a motion before this Court for leave to seek sanctions against SAM, even though SAM complied with the local rules and informed this Court and Amazon's counsel that it was no longer counsel for PersonalWeb in this proceeding by (1) informing Amazon in writing *repeatedly* that it did not represent PersonalWeb for post judgment collection proceedings (Dkt 671-2 - 671-5), (2) notifying the Court and counsel of its inability to represent PersonalWeb in its CMC statement (Dkt 671), (3) having filed its original motion to withdraw (Dkt 674), and (4) filing the consent motion (Dkt 679), which shows PersonalWeb's discharge of SAM. The Court should not allow Amazon to try to force SAM to make the choice between violating its ethical obligations and taking action on behalf of PersonalWeb, when the client has expressly forbidden SAM to do so, or to conduct itself ethically, as SAM has done, and then have to respond to Amazon's threats of potential sanctions for something it has no control over. SAM should not be placed in this untenable position of staring at a sanctions request in an instance where it is in no way engaged in any conduct even remotely sanctionable, ironically with a client that has discharged it and in a circumstance it has no control over.

### III.   CONCLUSION

Based on the foregoing, SAM respectfully requests the Court grant this Motion and permit it to withdraw from this case, effective immediately.

Respectfully submitted,

Dated:   May 25, 2021           STUBBS, ALDERTON & MARKILES, LLP

By: */s/ Michael A. Sherman*
    Michael A. Sherman
    Jeffrey F. Gersh
    Wesley W. Monroe
    Viviana Boero Hedrick
    Sandeep Seth

9

**NOTICE OF MOTION AND MOTION TO**  **CASE NO: 5:18-md-02834-BLF**
**WITHDRAW AS COUNSEL OF RECORD**  **CASE NO: 5:18-cv-00767-BLF**
**PURSUANT TO CLIENT INSTRUCTION**  **CASE NO.: 5:18-cv-05619-BLF**

4838-3604-8523, V. 2

Attorneys for PERSONALWEB TECHNOLOGIES, LLC
(Excluding Post Judgment Debtor Collection Proceedings)

Dated: May 25, 2021                MACEIKO IP

By: /s/ *Theodore S. Maceiko*
Theodore S. Maceiko (SBN 150211)
ted@maceikoip.com
MACEIKO IP
420 2nd Street
Manhattan Beach, California 90266
Telephone:    (310) 545-3311
Facsimile:     (310) 545-3344
Attorneys for PERSONALWEB TECHNOLOGIES, LLC,