**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: PERSONALWEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION | Case No. 18-md-02834-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC.,<br><br>Plaintiffs<br>v.<br><br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Defendants, | **ORDER CONDITIONALLY GRANTING MOTION TO WITHDRAW**<br><br>Case No.: 5:18-cv-00767-BLF<br><br>Case No.: 5:18-cv-05619-BLF |
| PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Plaintiffs,<br>v.<br><br>TWITCH INTERACTIVE, INC.,<br><br>Defendant. | |

Before the Court is Stubbs Alderton & Markiles, LLP and Theodore Maceiko of Maceiko IP's (collectively, "SAM") Motion to Withdraw as Counsel for PersonalWeb Technologies, LLC ("PersonalWeb"). Mot., ECF 688; *see also* Opp., ECF 691; Reply, ECF 693. For the reasons discussed below, the Court CONDITIONALLY GRANTS SAM's motion.

Pursuant to Civil Local Rule 11–5(b), counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. Civil Local Rule 11–5(b). The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*,

560 F.3d 1107, 1113 (9th Cir. 2009). When addressing a motion to withdraw, the consent of the client is not dispositive. *Robinson v. Delgado*, No. CV 02–1538, 2010 WL 3259384, at *2 (N.D. Cal. 2010). Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Id*.

Additionally, Civil Local Rule 11–4(a)(1) mandates compliance with the standards of professional conduct required of members of the State Bar of California. Civil Local Rule 11–4(a)(1). The California Rules of Professional Conduct permit counsel to withdraw in cases where the client "knowingly and freely assents" to withdrawal. Cal. Rules of Professional Conduct 3–700(C)(5). Counsel must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3–700(D) [which addresses the disposition of client papers and property], and complying with applicable laws and rules." *Id*. 3–700(A)(2).

In this case, PersonalWeb does not wish for SAM to represent it in post judgment collection proceedings, has discharged SAM as its counsel in any such proceedings in this action before this Court, and claims that is has retained other counsel to represent it in the post judgment collection proceedings. Gersh Decl. ¶¶ 2 ("PersonalWeb has discharged SAM as its counsel of record for any post judgment collection proceedings"), 3 ("SAM now remains engaged as counsel for PersonalWeb relating only to PersonalWeb's appeals pending in the United States Court of Appeals for the Federal Circuit"), 4 ("Richards further requested that I confirm receipt and acknowledge the limited scope of SAM's representation of PersonalWeb, which I did."), ECF 688-1. The California Rules of Professional Conduct permit withdrawal where the client "knowingly and freely assents to termination of the employment." *See* Cal. R. Prof. Conduct 3–700(C)(1)(5). Furthermore, the Court finds that counsel has taken steps to avoid reasonably foreseeable prejudice to PersonalWeb. PersonalWeb had "due notice" of SAM's withdrawal because PersonalWeb terminated SAM on April 27, 2021. Gersh Decl. ¶ 4 ("[On April 27, 2021], I received another email from Mr. Richards wherein he notified me that neither myself nor anyone at SAM is authorized to do anything post judgment, and that SAM was only engaged by PersonalWeb on the pending appeals."), Exh. B at 2

2

("You are not authorized to do anything post judgment."); *see* Cal. R. Prof. Conduct 3–700(A)(2). Other than post-judgment motions—for which SAM is explicitly unauthorized to represent PersonalWeb—there are no motions pending before this Court. *See* ECF 687; ECF 689. The Court concludes that SAM, in withdrawing, has taken reasonable efforts to avoid prejudice to PersonalWeb.

Nonetheless, the Court finds that SAM's withdrawal presents undue prejudice to Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon"). Although the Court does not find any irregularity in SAM's conduct, it does appear that PersonalWeb has acted in a manner that prejudices Amazon. In particular, the Court finds that PersonalWeb appears to be thwarting Amazon's legitimate interest in collecting its judgment. *See WB Music Corp. v. Royce Int'l Broadcasting Corp*., No. EDCV 16-600 JGB (SPx), 2019 WL 11638326 (C.D. Cal. May 1, 2019) ("[T]he Court is concerned that withdrawal of Counsel would result in undue delays to the execution of judgment. Since the entry of judgment, Defendants have engaged in a pattern of delay."); *Wyman v. High Times Prods., Inc*., No. 2:18- cv-02621-TLN-EFB, 2020 WL 6449236, at *3 (E.D. Cal. Nov. 3, 2020) ("[I]t is clear that Plaintiff will be prejudiced by granting Spanos's motion [to withdraw]. Defendant's payment to Plaintiff is long overdue. Allowing Spanos to withdraw without identifying a substitution of counsel will inevitably delay Plaintiff's payment even further. Such delay will likely increase Plaintiff's costs associated with pursuing the settlement payment." (internal citations omitted)); *see also* Opp. at 1 ("prejudicing Amazon in its collection efforts is *precisely the point* of the withdrawal" (emphasis in original)). While PersonalWeb has apparently retained alternate counsel to defend itself during the post-judgment phase of the case, newly retained counsel has refused to appear despite the fact that the Court has issued a post-judgment discovery order and several related motions are pending. ECF 664; ECF 687; ECF 689; *see* Gersh Decl., Exh. A at 4 (Email from Ronald Richards to Amazon counsel stating that "[o]ur firm is going to be retained in the next day or two to handle any post judgment matters you bring."). It appears that PersonalWeb is manipulating the situation by claiming that SAM is not authorized to represent it in post-judgment proceedings while stalling on having its new attorney file an appearance. *See* Gersh Decl., Exh. A at 2 (Email from Ronald Richards to Amazon counsel

stating that "[w]e are now engaged FYI but you haven't done anything yet that requires our representation."). This manipulation, along with the chameleon-like efforts of Personal Web to use this time to make itself judgment proof, amount to a concerted effort to thwart collection of the judgment ordered by this Court. *See* Opp. at 6; Gregorian Decl. ¶ 7. Personal Web has the right to counsel of its choosing, but it cannot take actions or inaction to stand in the way of the judicial process.

The Court CONDITIONALLY GRANTS SAM'S Motion to Withdraw. SAM may withdraw upon notice of appearance by Ronald Richards, PersonalWeb's counsel for post-judgment matters.

**IT IS SO ORDERED.**

Dated: June 25, 2021

_____
BETH LABSON FREEMAN
United States District Judge