J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
MELANIE L. MAYER (admitted *pro hac vice*)
mmayer@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

Counsel for AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC., and
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  PERSONAL WEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION | Case No.: 5:18-md-02834-BLF |
| AMAZON.COM, INC., and AMAZON WEB SERVICES, INC., | Case No.: 5:18-cv-00767-BLF |
| | Case No.: 5:18-cv-05619-BLF |
| Plaintiffs<br>v.<br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br>Defendants, | **REQUEST OF AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC. FOR CASE MANAGEMENT CONFERENCE** |
| PERSONALWEB TECHNOLOGIES, LLC, and LEVEL 3 COMMUNICATIONS, LLC,<br>Plaintiffs,<br>v.<br>TWITCH INTERACTIVE, INC.,<br>Defendant. | |

REQUEST FOR CMC

CASE NOS. 5:18-md-02834-BLF,
5:18-cv-00767-BLF, and
5:18-cv-05619-BLF

Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon") respectfully request that the Court hold a case management conference as soon as practical at the Court's convenience to confirm both that it retains jurisdiction over this case and its judgment and that PersonalWeb Technologies, LLC ("PersonalWeb") must comply with valid post-judgment discovery orders of the Court. The Court has twice ordered PersonalWeb to provide documents and information about its finances. PersonalWeb has done nothing to comply but make a small document production (collected without meaningful supervision by its counsel of record) and provide interrogatory responses that assert objections the Court already deemed waived and incorporate the entire document production by reference. Mere hours after committing in writing to taking additional steps to comply, Jeffrey Gersh, PersonalWeb's counsel at Stubbs Alderton & Markiles LLP ("Stubbs Alderton") sent an email reversing course. He argued that PersonalWeb need no longer comply with this Court's orders at all because a California state court appointed a receiver over PersonalWeb's assets back in May 2021. But at the hearing on the last motion to compel compliance, Mr. Gersh himself argued for PersonalWeb and raised no such objection even after Amazon informed the Court of the receivership.

The Court previously found that "PersonalWeb appears to be thwarting Amazon's legitimate interest in collecting its judgment," and that its manipulation of its counsel of record, "along with the chameleon-like efforts of Personal Web to use this time to make itself judgment proof, amount to a concerted effort to thwart collection of the judgment ordered by this Court." (Dkt. 694 at 3-4.) Those observations remain true. The receivership is fraudulent. The plaintiffs in the state court action are insider-investors in PersonalWeb who in some cases share overlapping membership. The receivership is based on an alleged $19 million in loans that do not mature until December 31, 2022. PersonalWeb's investors simply demanded repayment in full as soon as the Court issued the fee award in this case; immediately sought the receivership (to which PersonalWeb immediately consented, submitting a declaration *on the stationery of insider-investors' counsel*); and have since used the receivership to funnel hundreds of thousands of dollars in additional payments through PersonalWeb to Stubbs Alderton and appellate counsel MoloLamken LLP, to continue prosecuting patent infringement lawsuits in PersonalWeb's name and for the insider-

FENWICK & WEST LLP
ATTORNEYS AT LAW

investors' benefit.

Amazon requests a conference to seek guidance concerning Stubbs Alderton's new round of belated objections that the Court lacks authority to enforce its judgment and PersonalWeb need not comply with past discovery orders due to the receivership.

## BACKGROUND

***The Court's judgment and fee award***.  The Court entered judgment in favor of Amazon in this case on October 28, 2020.  (Dkt. 643.)  On March 2, 2021, the Court awarded Amazon $4,615,242.28 in fees and $203,300.10 in non-taxable costs against PersonalWeb for work performed until February 2020, and on April 19, 2021, the Court awarded Amazon an additional $571,961.71 in fees and $11,120.97 in costs for work performed between February 2020 and February 2021.  (Dkts. 648, 656.)  On July 27, 2021, the Court entered an amended judgment in favor of Amazon for a total amount of $5,403,122.68.  (Dkt. 708.)

***Insider investors demand repayment of purported demand instruments***.  The original March 2 fee order apparently prompted PersonalWeb's beneficial owners to trigger an asset protection scheme.  Insider-investors Brilliant Digital Entertainment, Inc. ("BDE"), Europlay Capital Advisors, LLC ("ECA"), Claria Innovations, LLC ("Claria"), and Monto Holdings Pty Ltd ("Monto") (collectively, "Insiders") had characterized a major portion of their investment in PersonalWeb as debt:  four alleged loans first issued between August 2010 and May 2012.  Security agreements for the loans issued in May 2012 and March 2014 pledging "all of [PersonalWeb's] tangible and intangible assets" as collateral.  All four loans were also regularly amended and restated, most recently on December 31, 2019, and did not mature until *December 31, 2022*.  Even though these "loans" were less than halfway through their term (and had already been amended and restated multiple times over the course of nearly a decade), Insiders demanded repayment in full based on the amounts due as of March 31, 2021.

***Insiders file the receivership action***.  After demanding repayment, Insiders then filed a receivership action in California state court against PersonalWeb on April 27, 2021.  (Declaration of Todd R. Gregorian in Support of Request for CMC ("Gregorian Decl."), Ex. 1 [Insiders' Complaint].)  All four Insiders have the same beneficial owners as PersonalWeb:  Claria owned

99% of PersonalWeb and had governing authority when PersonalWeb was formed; Monto currently owns 20% of PersonalWeb; the founder of BDE was Kevin Bermeister, the Non-Executive Chairman of PersonalWeb; and the former chairman and CEO of BDE, Kevin Bermeister's cousin Mark Dyne, founded ECA. (Gregorian Decl., Ex. 2 [Amazon's Complaint-In-Intervention], at 3.) Insiders requested the appointment of a receiver and the entry of a preliminary injunction enjoining any other PersonalWeb creditors from enforcing any claim, debt, right, lien, or interest against PersonalWeb. (Gregorian Decl., Ex. 1 [Insiders' Complaint], at 15-17.) Within days, PersonalWeb, through its President, Michael Weiss, signed a declaration prepared on the stationery of Insiders' counsel conceding that PersonalWeb owed $19 million to Insiders and could not pay, and consenting to the appointment of a receiver and the entry of a preliminary injunction. (Gregorian Decl., Ex. 3 [Weiss Decl.].) Neither the complaint nor any of Insiders' other filings before the state court disclosed the fact that Amazon is a creditor of PersonalWeb or that the ultimate beneficial owners of PersonalWeb are the same as the ultimate beneficial owners of Insiders. In other words, PersonalWeb (*i.e.*, Weiss and Bermeister) colluded with the Insiders (*i.e.*, Bermeister and family) to try to place PersonalWeb beyond the reach of this Court's judgment while it continues to pursue its business in the normal course.

*Entry of preliminary injunction*. On May 20, 2021, PersonalWeb and Insiders stipulated to entry of the preliminary injunction. (Gregorian Decl., Ex. 4 [Stipulated Preliminary Injunction].) On June 1, 2021, the California state court entered it. (Gregorian Decl., Ex. 5 [Preliminary Injunction Order].) The preliminary injunction establishes that the receivership will be run exclusively for Insiders' benefit (to the detriment of PersonalWeb's other creditors). It purports to prohibit any PersonalWeb creditor from enforcing claims against PersonalWeb during the receivership. But (perhaps due to a drafting error) it also *expressly carves out* the proceedings of any then-pending intellectual property actions filed by PersonalWeb, such as this case:

> **IT IS FURTHER ORDERED** that except by leave of this Court, during the pendency of the receivership ordered herein, Defendant PersonalWeb, and all of its customers, principals, investors, collectors, stockholders, lessors, other creditors, judgment holders, and other persons seeking to establish or enforce any claim, debt, right, lien, or interest against Defendant PersonalWeb, or any of its

subsidiaries or affiliates, and all others acting for or on behalf of such persons, attorneys, trustees, agents, sheriffs, constables, marshals, and any other officers and their deputies, and their respective attorneys, servants, agents, and employees, be and are hereby stayed from:

(a) Commencing, prosecuting, continuing, or enforcing any suit, judgment, lien, levy, or proceeding against Defendant PersonalWeb, or any of its subsidiaries or affiliates, except such actions may be filed to toll any applicable statute of limitations;

(b) Commencing, prosecuting, continuing, or entering into any suit or proceeding in the name or on behalf of Defendant PersonalWeb, or any of their subsidiaries or affiliates, *except for any pending enforcement actions by Defendant PersonalWeb concerning it [sic] intellectual property claims*;

(*Id.* at 4 (emphasis added).)

**Insiders continue to fund PersonalWeb intellectual property suits by funneling protected payments through the receivership**. Through the receivership, Insiders have begun "lending" PersonalWeb additional funds to pay its ongoing business expenses, including paying Stubbs Alderton and MoloLamken to continue to pursue claims against Amazon, its customers, and others such as Google and Facebook. (Gregorian Decl., Exs. 6 [Receiver's Motion] & 7 [Order Granting Receiver's Motion].)

**This Court's Discovery Orders.** PersonalWeb is subject to two orders to provide post-judgment debtor discovery to Amazon. (Dkts. 664, 704.) On July 30 and August 6, 2021, PersonalWeb served interrogatory responses that improperly asserted objections that the Magistrate Judge had already ruled were waived, and (rather than provide substantive responses) simply incorporated its entire document production chosen by PersonalWeb without oversight by Stubbs Alderton. (*See, e.g.*, Gregorian Decl., Ex. 8 [Interrogatory Responses], at 1-3 (broadly incorporating PersonalWeb's entire document production without identifying any specific Bates numbers); *id.*, at 4 (for Interrogatory Nos. 9 & 10, asserting the attorney/client privilege without providing any substantive response).) Indeed, in an e-mail exchange, Stubbs Alderton admitted "the docs that [Amazon] received is all [Stubbs Alderton] was provided" by PersonalWeb. (*See* Gregorian Decl., Ex. 9 [E-mail Exchange] at 3 (Counsel for Amazon: "When I asked you how a

search for responsive documents was conducted, you stated that you forwarded the requests for production to PersonalWeb and left it to your client to collect and provide you with responsive documents."); *id.* at 2 (Mr. Gersh, Stubbs Alderton: "The docs you received is all I was provided.").) Stubbs Alderton further represented, "We are working on assembling docs for you and I am working on getting further responses where appropriate." (*Id.*, at 1.) Within hours, Stubbs Alderton did an about-face, asserting that the state court receivership and injunction relieves PersonalWeb of its responsibility to comply with this Court's orders, asserting, "It seems to me that your continued action to force discovery is a violation of that injunction." (*Id.*)

***Amazon attempts to intervene in the receivership.*** On August 10, 2021, Amazon sought to intervene as a plaintiff-creditor in the state court action because it has an interest in the PersonalWeb estate and any judgment rendered in its absence prioritizing the claims of Insiders would impair Amazon's ability to protect that interest. Insiders and PersonalWeb did not oppose the motion. But on November 17, 2021, the California state court denied it anyway, ruling that Amazon did not have "a sufficient interested [sic] in the current litigation to justify this Court granting intervention." (Ex. 10 [Order Denying Motion to Intervene], at 5.) Consistent with the carve out in the preliminary injunction, the California state court directed that Amazon could instead take other actions to enforce its judgment against PersonalWeb, specifically by filing a lien against the proceeds of the receivership. (*Id.*, at 6.)

***Stubbs Alderton's involvement with PersonalWeb.*** SAM Venture Partners, Stubbs Alderton's venture capital arm, is a part-owner of PersonalWeb. (*See* Case No. 5:18-cv-05619-BLF, Dkt. 3; Dkt. 611-5 (Bermeister Dep. Tr.) at 62:2-10; Dkt. 612-9.) SAM Venture Partners is seeded with money from Stubbs Alderton partners and offers legal services in exchange for equity in startup companies. (Dkt. 612-9.) Stubbs Alderton named-partner Murray Markiles is a founding director of PersonalWeb. (Gregorian Decl., Ex. 11 [Operating Agreement], at 13.) On information and belief, these parties helped create the ownership structure that kept PersonalWeb undercapitalized and has now made it judgment-proof. They also knowingly continue to receive the direct benefit of the asset protection scheme, using it to funnel additional payments to Stubbs Alderton and to continue pursuing speculative and wasteful patent litigation in which SAM Venture

Partners has a financial interest.

## ARGUMENT

Amazon requests that this Court provide guidance as to whether the state court receivership action deprived it of jurisdiction or otherwise voided its pre-existing discovery orders. While the Supremacy Clause of the Constitution makes this seem an almost laughable question, PersonalWeb's counsel has forced the issue—staying silent about the receivership until after the Court confirmed that PersonalWeb must comply, and then attempting to raise a belated objection to excuse PersonalWeb's continued flouting of the Court's orders.

This Court entered judgment in favor of Amazon and ordered PersonalWeb to pay approximately $5.4 million in attorney fees and costs. The Supreme Court has long held that a court retains jurisdiction to enforce its judgments:

> [T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied. . . . Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.

*Riggs v. Johnson Cty.*, 73 U.S. 166, 187 (1868). Courts in this district have likewise held that "a district court has the inherent power to enforce its orders." *Nikko Materials USA, Inc. v. R.E. Serv. Co.*, No. 03-cv-02549 SBA, 2006 WL 1749550, at *2 (N.D. Cal. June 22, 2006); *see also Spallone v. United States*, 493 U.S. 265, 276 (1990). This power is derived "from the implied powers 'necessarily vested in courts to manage their own affairs as to achieve the orderly and expeditious disposition of cases.'" *Nikko*, 2006 WL 1749550, at *2 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Thus, this Court retains jurisdiction to enforce its judgment against PersonalWeb and its discovery orders remain in full effect.

***PersonalWeb waived any objection based on the state court receivership and preliminary injunction.*** The Court originally compelled the discovery at issue on April 27, 2021. The Magistrate Judge has already heard a dispute about whether PersonalWeb had to comply with the Court's order and has already ruled that PersonalWeb waived its objections and must provide the discovery. (Dkt. 704); *see* Fed. R. Civ. P. 33(b)(4); *Richmark Corp. v. Timber Falling Consultants*,

959 F.2d 1468, 1473 (9th Cir. 1992); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

PersonalWeb and Stubbs Alderton had multiple opportunities since the Spring of 2021 to raise the state court proceeding as a defense before this Court, and they instead chose to sit on their hands and conceal the details of the pending scheme from the Court. When the parties appeared before the Magistrate Judge months later, on July 20, 2021, Amazon out of an abundance of caution informed the Court of the pending receivership action. (*See* Dkt. 707 at 5:12-17.) Mr. Gersh on behalf of PersonalWeb elected not to assert any objection based on it. (*See id.* at 7:19-8:1.) Since that time, PersonalWeb has also agreed that Amazon may move for a supplemental award of attorney fees, further confirming that the state court injunction does not bar the ongoing proceedings before this Court. (Dkts. 711, 715.) PersonalWeb has thus waived any claim that the state court proceeding precludes post-judgment enforcement or excuses it from complying with this Court's orders. *Richmark*, 959 F.3d at 1473; *Davis*, 650 F.2d at 1160.

***The preliminary injunction does not apply to this action.*** This Court retains post-judgment enforcement jurisdiction because the preliminary injunction carves out this proceeding. Specifically, clause (b) prohibits another entity from "[c]ommencing, prosecuting, continuing, or entering into any suit or proceeding in the name or on behalf of Defendant PersonalWeb, or any of their subsidiaries or affiliates, *except for any pending enforcement actions by Defendant PersonalWeb concerning it intellectual property claims*." (Gregorian Decl., Ex. 5 [Preliminary Injunction Order] at 4 (emphasis added).) PersonalWeb initiated this action involving intellectual property claims against Amazon's customers and the preliminary injunction therefore does not purport to enjoin proceedings in this Court.

***This Court retains jurisdiction under the Abstention Doctrine.*** This Court also retains post-judgment enforcement jurisdiction under the abstention doctrine outlined in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976). In the Ninth Circuit, eight factors are considered in determining the appropriateness of a dismissal or stay of a federal court action in favor of a parallel court action under *Colorado River:*

> (1) which court first assumed jurisdiction over any property at stake;
> (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained

> jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011).  As noted in the eighth factor above, "[i]n this Circuit, the narrow *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit."  *Holder v. Holder*, 305 F.3d 854, 859 (9th Cir. 2002); *see also Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017).  Indeed, if "there exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed issues in [the federal] case, it is unnecessary for [the court] to weigh the other factors included in the *Colorado River* analysis."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n.7 (9th Cir. 1993).  Here, this dispositive requirement is not met because the issue of satisfaction of this Court's judgment and award of attorney fees will not be resolved by a receivership action between PersonalWeb and Insiders.  Indeed, the California state court has denied Amazon's motion for leave to intervene in the receivership action, thus, preventing Amazon from obtaining relief in that proceeding.  (Gregorian Decl., Ex. 10 [Order Denying Motion to Intervene].)

Just as important, there is no conflict whatsoever between the Court's current discovery orders and the state court receivership.  It is unclear whether the receiver has even taken possession of the records the Court ordered PersonalWeb to produce.  (If it has, it occurred *after* the Court's discovery orders when PersonalWeb and Stubbs Alderton both knew perfectly well that they should retain copies and produce them.)  Regardless, producing electronic copies of the records does not interfere in any way with the receiver's management of PersonalWeb's estate.

**REQUEST FOR CASE MANAGEMENT CONFERENCE**

Amazon requests that the Court schedule a case management conference as soon as practicable to clarify whether the California state court has deprived this Court of jurisdiction or excused PersonalWeb from complying with the Court's discovery orders, particularly those that issued without PersonalWeb raising any objection based on the state court action or receivership.

Respectfully submitted,

Dated: January 7, 2022

FENWICK & WEST LLP

By: */s/Todd R. Gregorian*
TODD R. GREGORIAN (CSB No. 236096)

Attorneys for AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TWITCH INTERACTIVE, INC.