1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE PERSONALWEB
TECHNOLOGIES, LLC, ET AL. PATENT
LITIGATION.

Case No.  18-md-02834-BLF
Case No. 5:18-cv-00767-BLF
Case No. 5:18-cv-05619-BLF

**ORDER ON ADMINISTRATIVE
MOTION OF AMAZON.COM, INC.,
AMAZON WEB SERVICES, INC., AND
TWITCH INTERACTIVE, INC. FOR
RELIEF FROM PROTECTIVE ORDER**

Re: Dkt. No. 854

The background of this case is set forth in numerous previous orders and will not be
repeated here.  Now before the Court is Amazon's administrative motion seeking limited relief
from the Protective Order in this case so that it may use certain discovery produced in this case to
oppose anti-SLAPP motions to dismiss filed in a state court action concerning the PersonalWeb
receivership.  Dkt. 854.  Oppositions to Amazon's administrative motion were filed by third
parties Claria Innovations, LLC and Europlay Capital Advisors, LLC (Dkt. 855); Brilliant Digital
Entertainment, Inc. and Monto Holdings Pty Ltd. (Dkt. 856); and Plaintiff PersonalWeb (Dkt.
857).  This Order will refer collectively to the parties who filed oppositions to Amazon's
administrative motion as the "Opposing Parties."

The Opposing Parties first argue that Amazon's administrative motion is procedurally
improper because this is a discovery dispute and should have been brought to the Court in the
form of a joint submission pursuant to the undersigned's Civil and Discovery Referral Matters
Standing Order.  *See* Dkt. 855 at 1-2; Dkt. 856 at 2; Dkt. 857 at 2-4.  The Court agrees.
Administrative motions are limited to "miscellaneous administrative matters, not otherwise
governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge."

1    Civ. L.R. 7-11.  Amazon's motion does not fall into those categories and instead seeks relief from

2    provisions of the Protective Order—a discovery dispute.  However, the Opposing Parties'

3    suggestion that Amazon gained an advantage by raising this dispute as an administrative motion

4    rather than in a joint discovery submission is not well-founded.  An administrative motion and

5    opposition are each limited to five pages.  *Id.*  Similarly, under this Court's standing order, a joint

6    letter brief would have been limited to ten pages.  Standing Order § 8.  In any event, Amazon and

7    the Opposing Parties have now had a reasonable opportunity to present their arguments in

8    connection with Amazon's request for relief from the Protective Order, and the Court will

9    therefore entertain the merits of Amazon's motion.  The parties are cautioned that they must

10   ensure that future filings comply with the Civil Local Rules and this Court's standing orders.  The

11   Court can resolve this discovery dispute without oral argument.  Civ. L.R. 7-1(b).

12        The Protective Order in this case provides that protected material may be used only for

13   purposes of this action.  Dkt. 290 § 7.1.  The Protective Order also provides that it is subject to

14   modification.  *Id.* § 15.1.

15        The Ninth Circuit "strongly favors access to discovery materials to meet the needs of

16   parties engaged in collateral litigation."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

17   1131 (9th Cir. 2003) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir.

18   1992)).  This preference is driven by "interests of judicial economy" served by "avoiding the

19   wasteful duplication of discovery."  *Id.* at 1131.  However, a court should not automatically grant

20   a request for modification of a protective order.  *Id.* at 1132.  "As an initial matter, the collateral

21   litigant must demonstrate the relevance of the protected discovery to the collateral proceedings

22   and its general discoverability therein."  *Id.*  The court should then consider "other factors in

23   addition to the relevance of the protected discovery to the collateral litigation," such as weighing

24   "the countervailing reliance interest of the party opposing modification against the policy of

25   avoiding duplicative discovery."  *Id.* at 1133 (citing *Beckman,* 966 F.2d at 475).  The *Foltz* court

26   noted, however, that "reliance will be less with a blanket [protective] order, because it is by its

27   nature overinclusive."  *Id.*

28        Under the foregoing analysis, the district court that issued the protective order makes only

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1  a "rough estimate of relevance," and "the only issue it determines is whether the protective order

2  will bar the collateral litigants from gaining access to the discovery already conducted."  *Id.* at

3  1132-33.  "Even if the issuing court modifies the protective order, it does not decide whether the

4  collateral litigants will ultimately obtain the discovery materials" because "disputes over the

5  ultimate discoverability of specific materials covered by the protective order must be resolved by

6  the collateral courts."  *Id.* at 1133.  Thus, "parties to the collateral litigation" may "raise specific

7  relevance and privilege objections" in that litigation.  *Id.*

8  The Court finds that as to the specific categories of documents identified in Amazon's

9  proposed order on its administrative motion at Dkt. 854-6, Amazon has made the necessary

10  showing of relevance to and general discoverability in the collateral proceeding.  Accordingly,

11  modification of the Protective Order is appropriate here.  In granting Amazon's motion, this Court

12  makes no comment on whether any specific documents are discoverable or admissible in the state

13  court receivership action because those determinations are for the state court.  *See id.* at 1133 ("If

14  the protective order is modified, the collateral courts may freely control the discovery processes in

15  the controversies before them without running up against the protective order of another court").

16  **SO ORDERED.**

17  Dated: March 16, 2023

18

19

20  SUSAN VAN KEULEN
United States Magistrate Judge

21

22

23

24

25

26

27

28