UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PERSONALWEB TECHNOLOGIES, LLC ET AL. PATENT LITIGATION. | Case No. 18-md-02834-BLF (SVK)<br>Case No. 18-cv-00767-BLF (SVK)<br>Case No. 18-cv-05619-BLF (SVK)<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: *-2834* Dkt. Nos. 859, 863 |

Before the Court are Amazon's administrative motions to consider whether other parties' material should be sealed. Dkt. 859, 863 ("Motions to Seal"). The subject of the Motions to Seal are certain documents filed with (1) the Joint Submission Regarding Amazon's Motion to Compel Production of Documents that the PersonalWeb Investors Have Improperly Withheld as Privileged (Dkt. 860), and (2) the Supplemental Submission Regarding Amazon's Motion to Compel Production of Documents that the PersonalWeb Investors Have Improperly Withheld as Privileged (Dkt. 864). Dkt. 859, 863. The subject documents were designated as "Attorneys' Eyes Only" or "Confidential" by non-party investors in PersonalWeb under the stipulated protective order in this case. *Id.*

This District's Civil Local Rules require that when a filing party seeks to seal a document because it has been designated as confidential by another party or non-party (the "Designating Party"), the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, as Amazon has done by filing the Motions to Seal. Civ. L.R. 79-5(f). The Designating Party is then required to file a statement and/or declaration within 7 days that includes:

(1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:

    (i) the legitimate private or public interests that warrant sealing;

    (ii) the injury that will result if sealing is denied; and

    (iii) why a less restrictive alternative to sealing is not sufficient;

(2) evidentiary support from declarations where necessary; and

(3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

Civ. L.R. 79-5(f)(3); 79-5(c)(1). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," such as discovery motions, the party seeking to seal court records must show "good cause" to overcome the "strong presumption in favor of access" to judicial records and documents. *See  Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178, 1179 (9th Cir. 2006).

       The Motion to Seal at Dkt. 859 was filed on March 24, 2023, but as of the date of this Order the Designating Party (non-party Brilliant Digital Entertainment) has not filed the declaration/statement required under Civil Local Rule 79-5(f)(3). By contrast, the Designating Parties (non-parties Brilliant Digital Entertainment, Monto Holdings, Europlay Capital Advisors, and Claria Innovations (collectively, the "Investors")) did file a response to the Motion to Seal at Dkt. 863. Dkt. 866. In their response, the Investors acknowledge the requirements set forth above but argue that it is "overly burdensome" to respond to each document that Amazon has provisionally filed under seal in the time frame stated in Rule 79-5. *Id.* at 2. They further state that "when the Court has already decided that certain documents should be shielded from public access pursuant to a protective order, the party designating the same as confidential or attorneys eyes only is not required to come forward with a showing of good cause for sealing when such documents are filed with a non-dispositive motion." *Id.* at 2-3 (citing *Phillips ex rel Estate of Byrd v. General Motion Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

1  To the extent the Investors suggest that the subject documents should be sealed simply
2  because they designated the documents as confidential under the Amended Protective Order in this
3  case, this District's Civil Local Rules, as well as the Amended Protective Order itself, provide
4  otherwise. *See* Civ. L.R. 79-5(c) ("Reference to a stipulation or protective order that allows a
5  party to designate certain documents as confidential is not sufficient to establish that a document,
6  or portions thereof, are sealable."); Dkt. 427 § 1 (acknowledgments in the Amended Protective
7  Order in this case that "this order does not confer blanket protections on all disclosures or
8  responses to discovery" and "the protection it affords from public disclosure and use extends only
9  to the limited information or items that are entitled to confidential treatment under the applicable
10 legal principles" and stating that "Civil Local Rule 79-5 sets forth the procedures that must be
11 followed and the standards that will be applied when a party seeks permission from the Court to
12 file material under seal"); *id.* at § 15.4 (stating that "[p]ursuant to Civil Local Rule 79-5, a sealing
13 order will issue only upon a request establishing that the Protected Material at issue is privileged,
14 protectable as a trade secret, or otherwise entitled to protection under the law"); *see also* Dkt. 786
15 (order granting stipulation to extend provisions of Amended Protective Order to Investors).
16 Simply put, "a blanket protective order that allows the parties to designate confidential documents
17 does not provide sufficient judicial scrutiny to determine whether each particular document should
18 remain sealed." *Jones v. PGA Tour, Inc.*, No. 22-cv-4486-BLF, 2023 WL 2232094, at *1 (N.D.
19 Cal. Feb. 23, 2023); *see also Phillips*, 307 F.3d at 1211 n.1 ("the burden of proof will remain with
20 the party seeking protection when the protective order was a stipulated order and no party had
21 made a 'good cause' showing").

22 In the present circumstances, the Court declines the Investors' suggestion that "the
23 resources of the Court are better utilized focusing on the merits of Amazon's underlying motion to
24 compel as opposed to being side-tracked on a document-by-document determination of good cause
25 for the claimed confidential treatment" and that the Court simply "enter the proposed order
26 granting Amazon's motion." Dkt. 866 at 3. Although the Investors did not seek additional time to
27 file the statements/declarations required under Civil Local Rule 79-5(f)(3) in connection with the
28 Motions to Seal, the Court will provide them one final opportunity to do so. The Investors must

1  file the required statements/declarations in response to the Motions to Seal at Dkts. 859 and 863

2  no later than **April 27, 2023.**  Failure to file the statements/declarations by this deadline will result

3  in denial of the Motions to Seal without further notice to the Investors or other Parties.

4  **SO ORDERED.**

5  Dated: April 13, 2023

SUSAN VAN KEULEN
United States Magistrate Judge