UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE PERSONALWEB TECHNOLOGIES, LLC, ET AL. PATENT LITIGATION.

Case No. 18-md-02834-BLF
Case No. 5:18-cv-00767-BLF
Case No. 5:18-cv-05619-BLF

**ORDER ON JOINT STATEMENT RE AMAZON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED**

Re: *-2834* Dkt. No. 860

Over the past year, judgment-creditor Amazon has come to this Court for assistance in compelling production from judgment-debtor PersonalWeb and subpoenaed third-party investors Brilliant Digital Entertainment, Inc. ("BDE"), Monto Holdings, Pty, Ltd. ("Monto"), Europlay Capital Advisors, LLC ("ECA") and Claria Innovations, LLC ("Claria") (collectively "Investors") in Amazon's effort to enforce the judgment against PersonalWeb. The Court's management of the many disputes between Amazon and Investors is reflected in several orders over the past thirteen months. *See, e.g.,* Dkt. 738, 779, 850. In September 2022, the Court set a deadline of October 22, 2022 for Investors' production of a privilege log, and that privilege log is the subject of the present dispute. Dkt. 860, 863-2, 869, 872.

The many post-judgment discovery disputes between these parties have informed this Court as to the principals involved and relationships between the parties and as such provide context for the dispute at hand. In consideration of that context, the parties' briefing on this dispute, relevant case law and Federal Rules of Civil Procedure, the Court determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b). For the reasons stated herein, the Court **DENIES WITHOUT PREJUDICE** Amazon's motion.

**I.  RELEVANT BACKGROUND**

Amazon now moves to compel production of certain documents on Investors' privilege

1  log. Specifically, Amazon seeks two categories of documents from the time period March 2,
2  2021-April 30, 2021 on the grounds that claims of privilege have been waived. Dkt. 860, 864.
3  The first category comprises documents between certain of the Investors and their attorneys on
4  which attorney Jeffrey Gersh is copied. Amazon contends that Mr. Gersh did not represent the
5  Investors in this correspondence but rather was counsel for plaintiff PersonalWeb. Consequently,
6  Amazon argues, the documents were shared with a third party, waiving the attorney-client
7  privilege. The second category is documents between Investors and their attorneys for which
8  Amazon contends there has been a subject matter waiver. Finally, Amazon argues for a broad
9  application of the crime-fraud exception to privilege.
10  Investors raise a number of arguments against waiver. As to the first category, they argue
11  that Mr. Gersh was not copied on the correspondence in his capacity as counsel for PersonalWeb
12  but rather in light of his or his firm's long-standing relationship with Investors. Dkt. 860, 869.
13  Alternatively, Investors argue even if Mr. Gersh was acting as counsel for PersonalWeb, Investors
14  and PersonalWeb shared a common interest in defeating Amazon's efforts to access PersonalWeb
15  assets and as such the documents are protected by a "common interest" privilege. As for subject
16  matter waiver, the third-party Investors argue that the subject matter of the produced documents
17  does not support a broad waiver. Investors further argue as to subject matter waiver and the crime
18  fraud exception that there is first a failure of proof and, at a minimum, a document-by-document
19  in-camera review would be required to ensure that any waiver was strictly applied.

20  **II.   DISCUSSION**

21  This Court has previously articulated the challenge of balancing the generally broad scope
22  of post-judgment discovery with Investors' status as third parties with acknowledged ties to
23  PersonalWeb, all in consideration of the proportionality requirements of Rule 26. *See* Dkt. 850.
24  It is with this continuing challenge in mind that the Court reasons as follows.
25  In Amazon's submissions in connection with the present dispute, it has not explained the
26  relevance of the information sought (a number of documents listed on the Investors' privilege
27  log)—specifically, Amazon has not articulated where and how it intends to use the documents.
28  Normally, the party seeking discovery bears the burden of demonstrating the relevance of the

2

information sought. *See Ellis v. J.P. Morgan Chase & Co.*, No. 12-cv-03897-YGR (JCS), 2014 WL 1510884, at *3 (N.D. Cal. Apr. 1, 2014). Ultimately, however, "district courts have broad discretion in determining whether evidence is relevant for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). In evaluating relevance, the Court takes into account the context of the present dispute. Because Amazon seeks to compel production of documents Investors listed on their privilege log, the documents are presumably within the scope of relevant information that the Court already ordered Investors to produce.

The Court also recognizes that the scope of post-judgment discovery is broad. *JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 926 (N.D. Cal. 2021). Such discovery is permitted "[i]n aid of the judgment or execution." Fed. R. Civ. P. 69. This Court has an interest in enforcement of its judgment, and as discussed above the Court has permitted Amazon to conduct discovery of PersonalWeb and Investors in connection with Amazon's attempt to enforce the judgment.

Nevertheless, a request for post-judgment discovery is subject to analysis of relevance and proportionality under Rule 26(b)(1). *See JW Gaming Dev.,* 544 F. Supp. 3d at 926 ("Even so, there are real limits to [post-judgment] discovery based on proportionality, harassment, and whether the discover[y] is reasonably calculated to lead to relevant information."); *Erickson Prods. Inc. v. Kast*, No. 5:13-CV-05472-HRL, 2018 WL 2298602, at *3 (N.D. Cal. May 21, 2018) ("To the extent there are other specific requests for discovery in the [post-judgment] subpoenas that Erickson wishes to compel, they must bring a motion to compel that discovery, which identifies the particular requests at issue, details the basis for Erickson's contention that they are entitled to the requested discovery, and demonstrates how proportionality requirements are satisfied."); *Slack v. Burns*, No. 13-cv-05001-EMC (KAW), 2016 WL 9185136, at *2 (N.D. Cal. Oct. 7, 2016) (ruling that relevance of post-judgment discovery did not outweigh burden of such discovery).

Here, the Court has already permitted Amazon to conduct extensive post-judgment discovery of PersonalWeb and Investors. The results of that discovery were sufficient to enable Amazon to intervene in the state court receivership action and offer evidence regarding establishment of the receivership, as it has in that case and in the briefing on the present joint

3

1  submission here. *See generally* Dkt. 863-2 at 1-2; Dkt. 863-4; Dkt. 863-5.

2      Amazon has not explained if or how the additional documents it now seeks will be used in
3  this case. Instead, it appears that those documents would be relevant to Amazon's claim for
4  equitable subordination in the state court receivership action. As Amazon explained in its
5  opposition to the motion to strike in the state court receivership action, "[t]o establish equitable
6  subordination, Amazon must demonstrate, *inter alia*, inequitable conduct." Dkt. 863-4 at 14.
7  "Amazon therefore alleged that plaintiffs are under common control with PersonalWeb (CII ¶¶ 11-
8  15), that plaintiffs called the loans in just after the fee award and long before the maturity date (*id.*,
9  ¶ 18), that this early demand was an attempt to thwart collection of the judgment (*id.*, ¶ 19), that
10 PersonalWeb coordinated the demand and consented to the receivership to avoid the judgment
11 (*id.*, ¶¶ 21-22), and that Amazon, as a third party creditor, should be prioritized over the insider
12 plaintiffs. (*Id.,* ¶ 23)." *Id.* The likelihood that Amazon seeks the present documents for use in the
13 state court receivership action is reinforced by statements in Amazon's supplemental brief. *See,*
14 *e.g.,* Dkt. 863-2 at 1-2 (discussing circumstances of creation of receivership). The chronology of
15 the present dispute also supports a conclusion that the documents are sought for use in the state
16 court receivership action: the subject documents were first listed on the Investors' privilege log on
17 October 3, 2022 (*see* Dkt. 860-1 ¶ 2; Dkt. 860-2), yet Amazon did not file the present challenge to
18 those privilege claims until more than five months later, on March 23, 2023. Dkt. 860.

19     Simply because the post-judgment discovery is intended for use in a collateral proceeding
20 does not end this Court's inquiry, however. Such collateral proceedings may be necessary to
21 enforce this Court's judgment. In *Foltz v. State Farm Mut. Auto. Ins. Co.*, the Ninth Circuit
22 expressed a preference for letting the fruits of discovery be used in collateral litigation. 331 F.3d
23 1122, 1132 (9th Cir. 2003). However, that court also cautioned that "a court should not grant a
24 collateral litigant's request for such modification automatically. As an initial matter, the collateral
25 litigant must demonstrate the relevance of the protected discovery to the collateral proceedings
26 and its general discoverability therein. Requiring a showing of relevance prevents collateral
27 litigants from gaining access to discovery materials merely to subvert limitations on discovery in
28 another proceeding . . . Such relevance hinges 'on the degree of overlap in facts, parties, and issues

4

between the suit covered by the protective order and the collateral proceedings.'" *Id.* (citations omitted).

Now that Amazon has intervened in the state court receivership action, this Court must guard against an end-run around discovery limitations in that case. The parties have previously informed the Court that discovery in the receivership action is stayed pending a ruling on the motions to strike and that the state court could have, but had not, allowed certain discovery notwithstanding the stay. *See* Dkt. 854 at 1:18-19; Dkt. 857 at 6:16-18. Moreover, although allowing the use of discovery from one case in collateral litigation is generally favored, requiring a party to produce documents in one litigation solely for use in another pending case raises additional concerns. Those concerns distinguish the present dispute from the previous one in which Amazon sought relief from the protective order in this case to enable it to use documents already produced in this case in the receivership case. *See* Dkt. 858.

In sum, this Court has allowed Amazon to conduct post-judgment discovery of PersonalWeb and Investors, and that discovery enabled Amazon to intervene in the state court receivership case. In the present circumstances, the Court concludes that it is not proportional to the needs of this case to undergo the complex analysis and in-camera review that may be necessary to determine whether to order further production. This particular discovery battle is now more appropriately waged in the pending state court receivership action. The Court expresses no view on the proper resolution of the issues raised by the parties, and the denial of Amazon's present motion to compel is without prejudice to Amazon's ability to raise these issues again if the documents sought become relevant and necessary for other purposes.

## III.    CONCLUSION

For the reasons discussed above, the **DENIES WITHOUT PREJUDICE** Amazon's motion to compel.

**SO ORDERED.**

Dated: May 16, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

5